**Richard W. WILLIS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–27.**

United States Court of Veterans Appeals.

Argued Aug. 29, 1990.

Decided Oct. 17, 1990.

As Amended Oct. 17, 1990.

John J. Corcoran, Washington, D.C., with whom Rick Surratt (non-attorney practitioner), was on the brief, for appellant.

Carolyn F. Washington, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the brief, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

FARLEY, Associate Judge:

The veteran seeks service connection for a psychosis (schizophrenia), arguing that his condition was misdiagnosed while on active duty as a personality disorder. In its September 20, 1989, decision affirming the denial of the veteran's claim, the Board of Veterans' Appeals (BVA) failed to articulate "reasons or bases" as required by 38 U.S.C. § 4004(d)(1) (1988) for the apparent dismissal of evidence of record favorable to the veteran, including a statement by a VA psychiatrist which supports the veteran's claim. Moreover, the BVA failed to provide "reasons or bases" for its conclusion that the veteran is not entitled to the "benefit of the doubt" under 38 U.S.C. § 3007(b) (1988). Accordingly, we retain jurisdiction but remand the matter pursuant to 38 U.S.C. § 4052(a) (1988) in light of *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990).

I.

The veteran, Richard W. Willis, served in the Air Force from October 1963 to July 1964. The veteran reported that he had begun to hear voices in 1963, that he was hospitalized at Keesler Air Force Base in 1964 for this disorder, and that he was discharged on the basis of a personality disorder. The veteran's Report of Discharge, DD Form 214, documents that the veteran received a general discharge, under honorable conditions, from Keesler Air Force Base in July 1964, following Proceedings of a Board of Officers pursuant to Air Force Regulation 39–16, which pertains to separation based on unsuitability.

On January 30, 1987, the veteran filed a claim for service connection for a psychiatric disability (schizophrenia) which he alleges arose and was misdiagnosed during his service in the Air Force. On June 5, 1987, and January 20, 1988, the veteran was examined and found to be suffering from chronic paranoid schizophrenia. By letter dated March 14, 1988, the veteran was advised by the Department of Veterans Affairs (VA) that his VA claims file, including his service medical records, was misplaced and could not be located. Moreover, the veteran was informed that the denial of his claim for service connection was being "continued." R. at 88. The VA advised that its computer records showed that a claim for service connection for a nervous condition had been denied ten years earlier. From this, the veteran was told, "it must be assumed that service connection for a nervous condition was disallowed in 1979 and that you were informed of this decision." R. at 87. The claim was formally denied by a rating decision dated June 1, 1988.

On September 20, 1989, the BVA upheld the denial of the veteran's claim. *Richard W. Willis*, loc. no. 926763 (BVA Sept. 20, 1989). The BVA decision noted that both the veteran's VA claims file and his service medical records were lost by the VA. However, the BVA, purporting to have conducted a *de novo* review, *Willis* at 5, relied upon the fact that the veteran's discharge

from the service appeared to be the result "of unsuitability, and not because of a medical disability." *Id.* The Board noted that "there is simply· no objective evidence", *id.*, that the diagnosis of a personality disorder was erroneous. It stated that "in the absence of any contemporaneous objective evidence of the presence of psychosis proximate to service, even after resolution of all reasonable doubt in the appellant's favor, we are unable to conclude that the psychosis was present during service...." *Willis* at 6.

## II.

There is no dispute that the veteran has suffered from schizophrenia for a long time; the issue is how long, *i.e.*, whether the BVA correctly determined that the veteran's condition was not incurred in or aggravated during service. As the Board indicated, the loss of contemporaneous medical records and evidence by the VA is "regretful." *Willis* at 5. Indeed, these records "would be of the greatest probative value", *Willis* at 6, but, such records were not available and the Board had to work with the records that were available.

The computer records of the VA indicated that a similar claim had been denied in 1979, and the Board "presum[ed] that the usual appellate procedures were carried out." *Willis* at 5. The earliest diagnosis of schizophrenia in the records was not until 1968, several years after the veteran left the service. Treatment records since that time reinforced the diagnosis. Statements from the father of the veteran and a friend documented their belief that the veteran's "problems began while he was in the service." *Willis* at 3.

The record before the Board also included a report of a January 20, 1989, examination of the veteran by a VA psychiatrist. R. at 100. The psychiatrist noted that a "review of the old history indicates *credible* description of impaired sleep, hallucinations, ideas of reference & brief hospitalization at Keesler [Air Force Base] Hospital (1964) while on active duty." *Id.* (emphasis in original). The psychiatrist found that the veteran was "cooperative, bright,

sincere, engaging" and "uncommonly reliable." *Id.* Finally, the psychiatrist noted that the veteran spoke "of his long frustration with loss of military medical records which, I believe, did document his hospitalization & probably impulsive & I believe, erroneous diagnosis of Personality Disorder. Careful past history shows *no* traits or behaviors consistent with personality disorder." *Id.* (emphasis in original). The strength of the psychiatrist's conviction is underscored by a marginal note in which he placed his qualifications on the record: "Copy to Patient: this physician is Board-certified since 1959[;] had 6½ yrs. svc in USAF (77 to 83) as chmn, Dept of Psychiatry, Scott AFB, Ill." *Id.*

 One searches the Board's decision in vain for any meaningful discussion of the statements in support of the veteran's claim or the opinion of the VA psychiatrist concerning the "probably impulsive & I believe, erroneous diagnosis of Personality Disorder" which led to the veteran's discharge. The evidence in favor of the veteran is all but dismissed with the statement "evidence is in no way supported by a contemporaneous medical record." *Willis* at 6. Given the loss of the veteran's service medical record (the "contemporaneous medical record") and his claims file by the VA, this statement serves only to state the obvious; it does not refute the evidence in favor of the claim. The VA psychiatrist's findings are the only evidence of record which attempts to reconstruct the veteran's psychiatric condition while he was in the service. His conclusion that the veteran's psychosis was misdiagnosed by the Air Force as a personality disorder, if not refuted, would appear to establish the veteran's claim. In opposition, the Board comments that "a history of active psychosis during service is somewhat contradicted by the fact that the appellant did not receive a discharge from the service based on medical disability." *Id.* This response is inadequate; it merely begs the question of misdiagnosis raised by the veteran.

## III.

 Section 4004(d)(1) of title 38 provides that "[e]ach decision of the Board

shall include ... a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record...." 38 U.S.C. § 4004(d)(1). *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990), teaches that where the BVA fails to provide an adequate statement of the "reasons or bases" for rejecting favorable evidence and for concluding that the veteran is not entitled to the "benefit of the doubt" under 38 U.S.C. § 3007(b), a remand is required.

In the case at hand, the BVA failed in its September 20, 1989, decision to articulate "reasons or bases" for the apparent dismissal of evidence of record favorable to the veteran, including the statement by a VA psychiatrist which supports the veteran's claim. Moreover, the BVA failed to provide "reasons or bases" for its conclusion that the veteran is not entitled to the "benefit of the doubt" under 38 U.S.C. § 3007(b). It appears the BVA reached its conclusion that the veteran's psychosis was not misdiagnosed in service based upon evidence which was *not* in the record (the file and records lost by the VA) rather than upon the only evidence which *was* in the record (the VA psychiatrist's statement and other statements in support of veteran's claim). Not only is the veteran denied the benefit of the Board's rationale, but this Court's judicial review responsibilities are hampered by the failure of the Board to provide adequate "reasons or bases" for its findings in accordance with 38 U.S.C. § 4004(d)(1). Accordingly, we retain jurisdiction but remand the matter to the BVA pursuant to 38 U.S.C. § 4052(a) and in light of *Gilbert v. Derwinski* for action consistent with this opinion.

*It is so Ordered.*