**Michael J. WILSON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–356.**

United States Court of Veterans Appeals.

Submitted Jan. 16, 1991.

Decided Feb. 8, 1991.

Andrew H. Marshall (non-attorney practitioner), was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Michael P. Butler, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Associate Judges.

PER CURIAM.

On November 28, 1988, a Regional Office awarded appellant, Michael J. Wilson, a 50% disability rating for service-connected panic disorder with anxiety, obsessive thoughts and secondary major depression. On appeal to the Board of Veterans' Appeals, appellant argued that his disability rating should be increased to 100%. The Board affirmed the 50% rating.

The relevant regulations governing the assignment of disability ratings provide:

100%—The attitudes of all contacts except the most intimate are so adversely affected as to result in virtual isolation in the community. Totally incapacitating psychoneurotic, symptoms bordering on gross repudiation of reality with disturbed thought or behavioral processes associated with almost all daily activities such as fantasy, confusion, panic and explosions of aggressive energy resulting in profound retreat from mature behavior. Demonstrably unable to obtain or retain employment.

70%—Ability to establish and maintain effective or favorable relationships with people is severely impaired. The psychoneurotic symptoms are of such severity and persistence that there is *severe impairment* in the ability to obtain or retain employment.

50%—Ability to establish or maintain effective or favorable relationships with people is *considerably impaired.* By reason of psychoneurotic symptoms the

reliability, flexibility and efficiency levels are so reduced as to result in considerable industrial impairment.

38 C.F.R. Part 4, Code 9410 (1989) (emphasis added).

On appeal to this Court, appellant argues that neither the Regional Office nor the Board considered whether appellant qualified for a 70% disability rating, and that the Board's decision does not contain an adequate statement of reasons or bases, *see* 38 U.S.C. § 4004(d)(1) (1988); *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), for denying his claim for an increased disability award in the face of evidence, in the form of a letter from a private physician, that appellant's "symptoms have persisted for several years and at this point [appellant] is totally incapacitated by them."

In concluding that the 50% disability rating was correct the Board simply stated, "we are not persuaded that such impairment is more than considerable in degree. We, therefore, conclude that the 50 percent evaluation currently in effect provides the appropriate amount of compensation at this time." *Michael J. Wilson*, loc. no. 93730, at 5 (BVA Jan. 11, 1990).

As we noted in *Gilbert*, "a bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements." *Gilbert*, at 57. Because the Board's decision fails to provide an adequate explanation for the apparent dismissal of evidence favorable to appellant's claim and its conclusion that appellant's impairment is not more than considerable in degree, the matter is remanded pursuant to § 4004(d)(1) and *Gilbert*.