Robert D. **FALLO**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 89–85.

United States Court of Veterans Appeals.

Submitted June 14, 1990.

Decided March 14, 1991.

Rick Surratt (non-attorney practitioner) was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and David W. Engel were on the brief, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Robert D. Fallo, seeks service connection and disability benefits for a duodenal ulcer as a secondary disability which is proximately due to or the result of his service-connected post-traumatic stress disorder (PTSD). *See* 38 C.F.R. § 3.310(a) (1990). The Board of Veterans' Appeals (Board) denied appellant's claim, finding that the evidence did not establish a causal relationship between the service-connected PTSD and the duodenal ulcer. We reverse and remand for a proper statement of reasons or bases in compliance with 38 U.S.C. § 4004(d)(1) (1988). Because it may arise again, we also dispose of appellant's secondary argument that the Board applied too high a threshold of proof in its decision by observing that appellant misreads the Board's decision in that regard.

A Regional Office rating decision dated July 7, 1988, granted appellant a 10% disability rating for both PTSD and tinnitus (ringing in the ears) effective August 28, 1987. The same rating decision denied service connection for appellant's duodenal ulcer as secondarily related to his PTSD. Appellant's disability rating for PTSD was later increased to 30% after a five-week period of hospitalization for that condition.

Appellant's claim was reopened on September 12, 1988. The rating board reviewed private medical reports but concluded that the evidence did not establish entitlement to service connection for the duodenal ulcer as secondarily related to PTSD. Appellant responded by filing a Notice of Disagreement dated November 28, 1988, requesting a Statement of the Case and submitting copies of letters from his psychiatrist, Dr. S.A. Manohara, and his gastroenterologist, Dr. Anil Mehta.

Dr. S.A. Manohara wrote that "a duodenal ulcer can be exacerbated by stress and chronic anxiety, which Mr. Fallo suffers from...." R. at 113. Dr. Mehta wrote that "since January, 1985, ... I have been treating [appellant] for esophagitis; gastritis; duodenitis; significant peptic disease. This can be due to and/or related to stress." R. at 114.

On appeal appellant proffers three assignments of error.

Appellant's first two arguments both assert that the Board clearly erred in its finding that appellant's duodenal ulcer was not causally related to his service-connected PTSD. One argument is that the Board improperly weighed the evidence. The other asserts that the letters from appellant's private physicians were unrebutted and there is, therefore, no basis for a finding of no causal connection between the appellant's duodenal ulcer and PTSD.

An examination of the Board's decision does not provide a meaningful basis for determining whether these two assignments of error are or are not meritorious. In the present case, the Board noted that it had considered the letters by appellant's doctors and then stated, "[b]ased on sound medical principles, in conjunction with the objective medical data, the evidence is persuasive that a causal relationship does not exist between the veteran's service-connected psychiatric disability and ulcer disease." *Robert D. Fallo*, loc. no. 916684, at 3 (BVA Jun. 30, 1989). Although unsupported, this finding in turn led the Board to conclude that, "while the veteran's psychiatric symptomatology may have some ef-

fect on the existing ulcer disorder, it did not *cause* the underlying gastrointestinal pathology." *Id.* (emphasis in original).

After reading the section of the Board's decision entitled "Discussion and Evaluation," this Court cannot discern the evidence the Board considered in reaching its decision. Given that the evidence and sound medical principles are not even identified, it goes without saying that there cannot be any meaningful discussion and analysis of them. In short, the Board's finding and conclusions in this case are so vague that it is impossible to review them.

In *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990), this Court held that decisions announced by the Board must strictly comply with the statutory mandate found at 38 U.S.C. § 4004(d)(1) which requires the Board to include the reasons or bases supporting its findings and conclusions. *Gilbert* explained that the purpose behind such holding was in part to permit and insure effective judicial review. In *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990), this Court emphasized the holding in *Gilbert*, stating that a conclusion, *"especially if it is medical or scientific in nature,"* must be supported by a written statement of reasons or bases. (Emphasis added). The Court explained that medical opinions proffered by Board physicians also require a statement of reasons or bases so that review in this Court may be "on the record" as required by 38 U.S.C. § 4052(b) (1988), and should include citations to relevant medical treatises, journals or other information relied upon. *Id.* The holdings in *Gilbert* and *Murphy* were reaffirmed in *Sammarco v. Derwinski*, 1 Vet.App. 111, 113 (1991), where the Court stated that, whether the ultimate conclusions of the Board are correct or not, an incomplete analysis requires remand for compliance with § 4004(d)(1).

In the present case, the Board's decision fails not only to provide the required reasons and bases for its findings and conclusion but also fails to identify with any particularity what evidence it considered.

This deficiency is highlighted by the fact that the Board's decision does not address or in any way respond to the arguments advanced by appellant in his VA form 1–9 (Appeal to Board of Veterans' Appeals). Accordingly, the Board's decision must be reversed and the case remanded for compliance with § 4004(d)(1).

Appellant also argues that the Board "clearly erred" in denying his claim on the stated ground that his evidence did not prove "outright and unequivocally" that his service-connected disability caused his peptic ulcer disease. This contention is based on an erroneous reading of the Board's decision, and in any event misapplies the clearly erroneous standard to a question of law.

After considering the letters submitted by Drs. Manohara and Mehta, the Board wrote that "consideration has been given to the statements provided by [appellant's] private doctors. None has been willing to say outright and unequivocally that the latter [PTSD] *caused* the former [duodenal ulcer]." *Robert D. Fallo,* loc. no. 916684, at 3 (BVA Jun. 30, 1989) (emphasis in original). The words "outright" and "unequivocally" were used to comment on the type of language used by appellant's private practitioners. Both doctors stated that stress like appellant experienced can cause, exacerbate, or relate to a duodenal ulcer. Although we review such an assignment of error under 38 U.S.C. § 4061(a)(3) (1988), rather than under the clearly erroneous standard suggested by appellant, we are satisfied that when read in context, the words "outright" and "unequivocally" were not used to assign appellant a burden of proof of that degree.

Based on our holding respecting the inadequacy of the Board's decision, we reverse it and remand for § 4004(d)(1) compliance.