**Keith DOUGHARITY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–80.

United States Court of Veterans Appeals.

Submitted Jan. 7, 1991.

Decided April 26, 1991.

Mike Kilpatrick, Mt. Vernon, Or., was on the brief for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Thomas A. McLaughlin, Washington, D.C., were on the brief for appellee.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

While on active duty in the United States Navy in 1962, the appellant was hospitalized for a metabolic disturbance, porphyria. In 1968, he was granted service connection

(zero percent) for a chronic condition associated with porphyria. His 1987 request for an increased rating was denied. In an appeal to the Board of Veterans' Appeals (BVA), the appellant sought a rating between 30 and 50 percent for this disorder, claiming to suffer from continuing problems with memory loss and skin rashes. A September 1989 BVA decision denied an increased rating, and a timely appeal to this Court followed.

Neurological examinations in May 1988 by both Department of Veterans Affairs and private physicians neither document memory loss nor attribute his skin rashes to porphyria. The appellant presented no new evidence to support his claims.

 Upon careful consideration of the record and the briefs of the parties, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt doctrine, or articulation of reasons or bases, that would warrant remand or reversal under title 38, United States Code, and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the issue presented is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

 The Court is concerned about the propriety of the appeal in this case. Rule 38 of this Court's Interim General Rules provides: "If the Court shall determine that an appeal is frivolous, it may enter such order as it deems appropriate." U.S.Vet.App.R. 38 (Interim). Although the attorney here is appearing *pro bono*, that does not relieve him of his responsibility, as a member of this Court's bar, not to prosecute "frivolous" appeals. "A frivolous appeal is defined as one in which the result is obvious, or where the appellants' claims are utterly meritless." *Int'l Union of Bricklayers Etc. v. Martin Jaska, Inc.*, 752

F.2d 1401, 1406 (9th Cir.1985) (quoting *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir.1984) (per curiam)). In this case, the appellant having presented no argument that would in any way undermine the conclusions of the BVA, the appeal should not have been brought. "The relevant inquiry ... is not whether the entire litigation is frivolous from beginning to end, but whether the appeal brought is frivolous." *Bricklayers*, 752 F.2d at 1406.

U.S. courts of appeals have discretion to tax costs and attorney fees as a penalty for bringing a frivolous appeal. *See* Fed. R.App.P. 38; 28 U.S.C. § 1912 (1989). "One of the purposes of sanctions is to encourage attorneys to be reflective about the issues they present for review." *Bricklayers*, 752 F.2d at 1406. We note that the Fifth Circuit "bending over backwards, in indulgence of appellants' pro se status" did not award the sanctions permitted by Fed.R.App.P. 38, but published an opinion to give notice to future litigants that the advancing of a frivolous claim would "invite such sanctions". *Lonsdale v. C.I.R.*, 661 F.2d 71, 72 (5th Cir.1981). We further note that the Federal Circuit, in announcing in 1982 a prospective policy of taxing costs against an appellant and an attorney who bring a frivolous appeal, including an appeal involving the United States, stated: adherence to the rule against frivolous appeals will enable "already overcrowded courts [to give] careful, unpressured consideration [to the] nonfrivolous appeals ... of persons with truly deserving causes." *Asberry v. United States Postal Service*, 692 F.2d 1378, 1382 (Fed.Cir.1982).

Based on the above discussion, the December 28, 1988, BVA decision is AFFIRMED.