**Teddy R. CRANCE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–255.**

United States Court of Veterans Appeals.

Submitted Jan. 24, 1991.

Decided May 8, 1991.

Edward J. Kowalczyk (non-attorney practitioner), was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

NEBEKER, Chief Judge:

In its decision of February 18, 1990, the Board of Veterans' Appeals (Board) found that the appellant's testimony did not justify a finding of service connection for thrombophlebitis (inflammation of vein associated with clot formation) of the right leg incurred in 1956 while appellant was on active military duty at Amarillo Air Force Base, Texas. We affirm.

At a personal hearing held at the Houston Department of Veterans Affairs (VA) Regional Office on July 24, 1989, appellant and his wife testified in support of his claim. Appellant's testimony presented the only evidence as to chronicity after separation from the service in 1957:

"[W]henever I got out, my foot is always swollen up and it always hurts. But I would always take anacin something like that to where I could continue working and ... because I've always been told that you don't complain. If you complain you don't have a job. But, whenever I come home for work I sit with my foot propt up so the swelling would go down where I'd be able to go the next day. But until I go sores on it, I just suffered through it. Because it's always swollen up and it always hurt."

R. at 99. Appellant's wife's testimony as to his symptoms was of no help to him since she had only known him since 1967, nine years after his discharge. His discharge papers contain a note that he complained of "[c]ramps in legs after swimming and staying in a certain position for a long period of time. No complications, no sequelae." (R. at 6).

Under our holding in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), the Board is charged with explicating the reasons or bases for resolving, among other things, credibility of testimony or evidence. We conclude in this case that the Board has adequately done so. The Board decision observed that appellant's lower extremities were normal at his separation examination. This observation, and appellant's acknowledgement that he sought no medical treatment until fifteen years later, form an adequate basis for the implicit rejection of his chronicity claim and for the conclusion that the in-service episode was acute and transitory. Accordingly, the Board's decision to deny an award of service connection is AFFIRMED.