**Thomas J. STEIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–796.**

United States Court of Veterans Appeals.

July 1, 1992.

As Amended Aug. 6, 1992.

Before STEINBERG, Associate Judge.

ORDER

Appellant appeals from an April 11, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to, among other things, a rating in excess of 10% for his service-connected post-traumatic stress disorder (PTSD) and a total service-connected disability rating on the basis of individual unemployability due to his service-connected conditions. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance of the BVA decision. Appellant seeks reversal of the BVA decision. Attached to appellant's brief is a copy of a May 2, 1989, discharge summary from a Department of Veterans Affairs (VA) medical center (MC), containing a notation that appellant is "unemployable" and a signature of a Dr. Buchanan, who had also signed the admission report. This document does not appear in the record on appeal, although the record does contain reports of appellant's admission to that VAMC from April 24 to May 2, 1989. R. at 229–32. It is unclear whether the discharge summary was in the record before the VA regional office or the BVA during the adjudications leading to this appeal.

The BVA failed to provide an adequate statement of the reasons or bases for its conclusory finding that appellant's PTSD is productive of no more than mild social and industrial impairment and, hence, warrants no more than a 10% disability rating. Specifically, the Board failed to set forth its evaluation of several pertinent items of evidence in the record, including the findings of psychiatrists and a social worker, who had examined appellant, pertaining to the level of impairment caused by appellant's PTSD, and how such evidence related to the schedular rating criteria for PTSD. R. at 141, 143, 155; *see Washington v. Derwinski*, 1 Vet.App. 459, 463–64 (1991); *Fletcher v. Derwinski*, 1 Vet.App. 394, 396 (1991); *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991); *Wilson v. Derwinski*, 1 Vet.App. 139, 140 (1991).

Furthermore, in denying appellant's claim for a total disability rating based on individual unemployability due to service-connected disabilities, including PTSD and chronic lumbosacral strain, the Board again failed to provide an adequate statement of the reasons or bases for its decision and its apparent rejection of evidence favorable to appellant. Specifically, the Board failed to consider and discuss the report of an August 21, 1989, Social Security Administration decision finding appellant to be "disabled" within the meaning of the Social Security Act. *See Collier v. Derwinski*, 1 Vet.App. 413, 417 (1991) ("the decision of the [SSA] is evidence which cannot be ignored and to the extent that its conclusions

are not accepted, reasons or bases should be given therefor."); *Masors v. Derwinski*, 2 Vet.App. 181, 188–89 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). Additionally, the Board failed to discuss the findings of the psychiatrists and the social worker who had examined the veteran, to the extent such findings related to appellant's employability. The evidence of record before the Board included a November 29, 1988, letter to the Department of Veterans Affairs (VA) by the social worker who had treated appellant stating that appellant "has continued to display the following PTSD characteristics: ... unemployability". R. at 155. The Board was required to provide a statement of the reasons or bases for its conclusion that appellant is not unemployable, and for its rejection of all evidence supporting appellant's claim. *Gleicher v. Derwinski*, 2 Vet.App. 26, 28 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 170 (1991).

Finally, the Court notes that the December 3, 1990, fee agreement between appellant and his attorney calls for appellant to give the attorney 25% "of all monies and things of value recovered in said claim/appeal." This appears to give the attorney a perpetual contingent claim against payments of future monthly benefits if appellant's 10% rating is increased as a result of the litigation.

Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). On consideration of the foregoing, and upon review of the record, appellant's brief, and the Secretary's motion for summary affirmance, it is

ORDERED that the April 11, 1990, BVA decision is vacated, and the record is remanded to the Board for prompt readjudication on the basis of all evidence and material of record and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1) (formerly § 4004); *Fletcher v. Derwinski*, 1 Vet.App. at 397. On remand, appellant is free to submit as evidence the May 2, 1989, VAMC discharge instruction form that was attached to appellant's brief submitted to this Court. The Court retains jurisdiction. The Secretary shall file with the Clerk and serve upon appellant a copy of any Board final decision on remand. Within 14 days after such filing, appellant shall notify the Clerk whether he desires to seek further review by the Court. It is further

ORDERED that the Secretary's motion for summary affirmance is denied. It is further

ORDERED that appellant's counsel advise the Court, within 30 days after the date of this order, whether the fee agreement extends to future benefits or applies only to past-due benefits paid as a result of the litigation. *See* 38 U.S.C. §§ 7263(c), (d), 5301 (formerly §§ 4063, 3101).

VACATED AND REMANDED.