**Joseph S. SIMON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1056.**

United States Court of Veterans Appeals.

Submitted Jan. 30, 1992.

Decided July 22, 1992.

Rick Surratt and Andrew H. Marshall (non-attorney practitioners) were on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Associate Judges.

NEBEKER, Chief Judge:

This case presents for review a May 2, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied appellant's claim for entitlement to a total disability rating based on individual unemployability. *See* 38 U.S.C. § 1155 (formerly § 355) and 38 C.F.R. § 4.16 (1991). Upon consideration of the pleadings and the record on appeal, the Court concludes that the Board failed to provide adequate reasons or bases for rejecting statements by medical personnel that appellant was incapable of work.

Appellant served in the Army Air Force from February 1943 to February 1946. In 1945, he sustained a back injury (R. at 8) which required surgery in 1972. R. at 11–12. Since that time he has been rated by the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) as 60% disabled for his service-connected

lower back condition. In October 1988, he resigned from his job because he could no longer physically perform his duties as general manager and buyer for the company that had employed him for fifteen years. R. at 19. Appellant described his position as a desk job that required substantial sitting to do paperwork, but also involved walking and standing when he went on sales calls to factories. R. at 41, 43. He stated that he had lost three months of work during his last year due to his back condition. He reported formal education of two years of college with no further education or training. R. at 20–21.

In December 1988, appellant filed a claim for an increased rating based on individual unemployability. In connection with his claim, he was examined by a VA physician on February 13, 1989. The examiner diagnosed severe back disorder with radiation into the extremities. R. at 29. Another VA examiner noted that appellant walked holding his back somewhat stiffly. The diagnoses were post spinal fusion for herniation of nucleus pulposus; osteoarthritis of the lumbar spine, secondary to the spinal fusion; and spinal stenosis. R. at 28. The examiner concluded that appellant had permanent moderate impairment generally, and was severely impaired for any ambulatory occupation. R. at 25–26.

The Regional Office (RO) denied appellant's claim finding that his back condition did not preclude all forms of substantially gainful employment. R. at 32–33. Appellant was granted a personal hearing, at which time he submitted a statement from Dr. Frederick J. Samaha, dated November 13, 1989. Dr. Samaha summarized appellant's back and related conditions as follows: "Mr. Simon has a remarkable chronic pain most likely related to his legs and inability to walk, that is canal stenosis, and possibly arachnoiditis." R. at 52. He further stated: "My opinion at this time is that he is completely disabled from gainful employment because of his lumbar spinal disease." *Id.* Appellant also submitted a June 11, 1990, opinion from Dr. Henry T. Grinvalsky, Chief of Staff and Director of the Neuromuscular Disease Clinic at the Cincinnati VA Medical Center. Dr. Grin-

valsky stated that the "[v]eteran is totally disabled at the present time, incapable of any gainful employment, unable to lift or carry, or sit/stand for periods of longer than 5 minutes at a time...." R. at 57. He concluded that "[t]his disability may well be permanent in view of the previous surgeries that make additional surgical intervention technically difficult with an uncertain outcome." *Id.* A subsequent RO decision again found appellant capable of substantially gainful employment. R. at 60. The Board affirmed the RO decision on May 2, 1991.

Prior to the Board's May 2, 1991, decision, this Court stated in no less than twenty published decisions and numerous memorandum decisions that 38 U.S.C. § 7104 (formerly § 4004) requires the Board to articulate "reasons or bases" for its decisions. *See Crance v. Derwinski,* 1 Vet. App. 238 (1991); *Dougharity v. Derwinski,* 1 Vet.App. 233 (1991); *Hyder v. Derwinski,* 1 Vet.App. 221 (1991); *Jones v. Derwinski,* 1 Vet.App. 210 (1991); *Browder v. Derwinski,* 1 Vet.App. 204 (1991); *Wood v. Derwinski,* 1 Vet.App. 190 (1991); *Hayes v. Derwinski,* 1 Vet.App. 186 (1991); *Fallo v. Derwinski,* 1 Vet.App. 175 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164 (1991); *Webster v. Derwinski,* 1 Vet.App. 155 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147 (1991); *Wilson v. Derwinski,* 1 Vet. App. 139 (1991); *Sawyer v. Derwinski,* 1 Vet.App. 130 (1991); *Green v. Derwinski,* 1 Vet.App. 121 (1991); *Sammarco v. Derwinski,* 1 Vet.App. 111 (1991); *Branham v. Derwinski,* 1 Vet.App. 93 (1990); *Payne v. Derwinski,* 1 Vet.App. 85 (1990); *Murphy v. Derwinski,* 1 Vet.App. 78 (1990); *Willis v. Derwinski,* 1 Vet.App. 66 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is to be hoped that under firm leadership, the Board will be persuaded to part from its old ways.

■ Despite these decisions, the Board here gave no explanation for its implicit rejection of Dr. Samaha's November 1989 statement that appellant was completely disabled from gainful employment. Nor did the Board mention Dr. Grinvalsky's 1990 diagnosis that appellant was incapable

of gainful employment. Rather, the Board focused on statements made in 1987 and 1988, despite evidence that appellant's back disease was progressive in nature, when it observed:

> This conclusion is further supported by the evidence that although the veteran may be unable to play golf, he can walk unlimited distances, that he has good lower extremity muscle strength, and that he retains considerable low back motion.

*Joseph S. Simon,* BVA 91–14176, at 5 (May 2, 1991).

■ The Board gives no explanation, however, as to why it found the more recent diagnoses less persuasive than the older ones. Although the BVA is not required to accept examining physicians' findings, it is required to state reasons or bases for contrary conclusions and point to medical bases other than its own opinion for its decision. *See Colvin v. Derwinski,* 1 Vet. App. 171, 175 (1991); *O'Hare v. Derwinski,* 1 Vet.App. 365 (1991); *Willis v. Derwinski,* 1 Vet.App. 63 (1990); *see also Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990).

Accordingly, we REVERSE the decision of the BVA and REMAND the matter for readjudication consistent with this decision. *See Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991) (Court expects critical examination to occur on remand, in which Board will reexamine evidence of record, seek additional evidence as necessary, and issue well-supported decision).