Patrick T. NIXON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–821.

United States Court of Veterans Appeals.

Aug. 24, 1992.

**152**

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge.

The appellant, Vietnam veteran Patrick T. Nixon, appeals from an April 19, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for weakness in his upper and lower right extremities secondary to his service-connected right inguinal herniorrhaphy. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Appellant elected not to file a brief but filed a two-sentence opposition to the Secretary's motion. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will grant the Secretary's motion and affirm the Board's decision.

■ The veteran served on active duty in the United States Army from February 1966 to October 1972. R. at 125. In February 1970, the veteran was diagnosed with a right inguinal hernia and a herniorrhaphy—hernia operation—was performed in service. R. at 75. In May 1985, a second right inguinal herniorrhaphy was per-

formed in a Veterans' Administration (now Department of Veterans Affairs) (VA) medical center. R. at 172–85. In June 1986, a VA Regional Office (RO) granted the veteran 10% service-connected disability compensation for postoperative residuals of the May 1985 hernia operation, including right inguinal, right scrotal, and right testicular tenderness. R. at 191. Subsequent RO decisions have continued the 10% disability rating for postoperative residuals; however, the veteran's additional complaints of weakness in his upper and lower right extremities, which allegedly resulted from the May 1985 hernia operation, have been found to be without foundation. R. at 238, 253, 484.

"Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected." 38 C.F.R. § 3.310(a) (1991). Multiple examinations and studies have been undertaken by the VA, including an electromyogram, orthopedic and neurological consultations, computerized tomography scans, and X rays, in order to determine the etiology of the veteran's asserted weakness in his upper and lower right extremities, but all procedures have been negative. R. at 172–88, 203–37, 245–52, 261–479, 497–521. In its April 19, 1990, decision, the Board reviewed all of the evidence of record and concluded that no etiological relationship between the veteran's right inguinal herniorrhaphy and his claimed impairment in the upper and lower right extremities had been demonstrated, and, thus, it denied secondary service connection for that impairment. *Patrick T. Nixon*, BVA 90–____, at 4–5 (April 19, 1990).

The Court reviews BVA factfinding under a "clearly erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... we cannot overturn them". *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); 38 U.S.C. § 7261(a)(4) (formerly § 4061). The Court holds that the BVA's findings of fact in this case have a plausible basis in the record and, hence, are not subject to reversal as being clearly erroneous. The veteran has not submitted any evidence in sup-

port of his claim that the alleged weakness in his upper and lower right extremities is related to his hernia operation. His sole contention appears to be that the onset of the asserted weakness followed his hernia operation and, therefore, should be considered to be related to that surgery.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's memorandum in opposition to the Secretary's motion for summary affirmance, the Court holds that, in the absence of any argument or evidence to the contrary, the appellant has not demonstrated that there is even a reasonably debatable issue that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert. Cf.* Fed.R.Civ.P. 56 (moving party must show no genuine issue of material fact); William W Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477–87 (1992). The appellant's memorandum did not present any new argument or cite any evidence in the record on appeal to rebut the Secretary's motion for summary affirmance; it simply stated: "Appellant disagrees with the conclusions of the [BVA] and Appellee, as drawn from the record, and he believes he is entitled to service connection for weakness in his right upper and lower extremities." Mem. at 1.

 Consequently, the Court is concerned about the propriety of the appeal in this case. Rule 38 of this Court's Rules of Practice and Procedure provides: "If the Court determines that an appeal is frivolous, it may enter such order as it deems appropriate." U.S.Vet.App.R. 38. "A frivolous appeal is defined as one in which the result is obvious, or where the appellants' claims are utterly meritless." *Int'l Union of Bricklayers Etc. v. Martin Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir.1985) (quoting *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 656 (9th Cir.1984) (per curiam)).

Here, even though the appellant is represented by counsel, he offered no argument and cited no evidence in the record to refute the BVA conclusion; therefore, the Court holds that the appeal was without merit and should not have been brought. *See Dougharity v. Derwinski*, 1 Vet.App. 233, 234 (1991) (mem. decision).

Based on the above discussion, the Court grants the Secretary's motion and affirms the April 19, 1990, BVA decision.

AFFIRMED.