Donald W. HOGUE, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1271.

United States Court of Veterans Appeals.

Sept. 24, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, World War II combat veteran Donald W. Hogue, appeals from a March 27, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to increased ratings for service-connected residuals of frozen feet and a service-connected scar of the right forearm, each currently rated at 10% disabling. *Donald W. Hogue*, BVA 91–09884 (Mar. 27, 1991). The BVA decision will be vacated and the record remanded to the BVA for satisfaction of statutory and regulatory requirements for a full and fair adjudication of the veteran's claims.

### I. Increased Rating for Right Forearm Scar

During combat in World War II, the veteran sustained a lacerating shell fragment wound to the right forearm. R. at 11–12. He currently receives service-connected disability compensation for a scar resulting from that injury. The disability resulting from this scar may qualify for a rating under any of three separate schedular categories—38 C.F.R. § 4.118, Diagnostic Code (DC) 7803, 7804, or 7805 (1991). Code 7803 (Scars, superficial) provides for a maximum 10% rating for "[s]cars, superficial, poorly nourished, with repeated ulceration." Code 7804 (Scars, superficial) provides for a maximum 10% rating for "[s]cars, superficial, tender and painful on objective demonstration." Code 7805 (Scars, other) provides that scars otherwise may be rated "on limitation of function of part affected."

In May 1982, the BVA denied, under those three codes, a rating in excess of 10% for the veteran's right-forearm disability. R. at 46–50. In January 1990, the veteran again submitted a claim for an increased service-connected rating, asserting that his disability had increased over the years. R. at 58–59; *see Proscelle v. Derwinski*, 2 Vet.App. 629, 631 (1992) (claim for increased rating due to increase in disability is a new claim, rather than a reopened claim). In an April 1990 Department of Veterans Affairs (VA) Compensation and Pension (C & P) examination, the examiner made the following findings with regard to the right forearm:

> The patient complains of some continuing pains especially after motion such as throwing and some decreased range of motion when straightening his arm. However, he says he can currently eat and write with his right hand. On examination he has a 20 degree decrease in extension of the elbow. Remainder of range of motion is normal. Motor strength appears to be fairly good at 5–/5. There is subjective pin prick loss from the elbow down on the right side which is nonanatomic. X-ray on 2/90 here in Birmingham chart shows x-rays of the right elbow and forearm to be normal with no bony abnormality.

R. at 60.

In May 1990, the VA Regional Office (RO) denied an increased rating. R. at 63. In a June 1990 Notice of Disagreement, the veteran stated that his right forearm "hurts all the time", and "has gotten so bad that the least bit of work I do with it makes it hurt real bad around the elbow and wound." R. at 64. In a July 1990 VA Form 1–9, Appeal to the BVA, the veteran stated that he "is effectively prohibited from any strenuous use of his right arm, due to the pain level associated therewith." R. at 72. In support of his claim, the veteran submitted a sworn affidavit from his wife, stating that she had observed him complaining of pain and tenderness in his right forearm, and that such complaints "have grown more frequent over the years, ... [and have been] reasonably regular for the past few years." R. at 74.

In its March 1991 decision, the BVA considered the veteran's claim for an increased rating on the basis of limitation of motion of the right forearm under DC 5207 or injury to muscle group VIII under DC 5308, either of which would be applicable to the forearm disability by operation of DC 7805. *Hogue*, BVA 91–09884, at 3–4. The Board concluded:

> The next higher evaluation contemplates a moderately severe injury involving Muscle Group VIII or limitation of extension of the right forearm to 75 degrees, neither of which is present in this case.

*Hogue*, BVA 91–09884, at 4.

Pursuant to 38 C.F.R. § 4.40, a disability rating may be based on functional loss due to pain, if supported by adequate pathology and evidenced by the visible behavior of the claimant undertaking the motion. *See Schafrath v. Derwinski*, 1 Vet.App. 589, 592–93 (1991); *Ferraro v. Derwinski*, 1 Vet.App. 326, 330 (1991). Here, the veteran, through his submissions to VA, raised an argument that the pain from his right forearm injury effectively prevented any strenuous use of his right arm. R. at 71–72. Furthermore, there is evidence in the April 1990 VA examination report and the July 1990 affidavit of the veteran's wife to support the veteran's subjective complaints of pain.

"Where, as here, the claimant asserts to the BVA facts which would support a rating of compensable functional loss due to pain, section 4.40 must be applied to determine if [an increased] rating is warranted." *Schafrath v. Derwinski*, 1 Vet.App. 589, 592–93 (1991); *see also EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (Board must " 'review all issues which are reasonably raised from a liberal reading' " of "all documents or oral testimony submitted prior to the BVA decision" (quoting *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991)). The Board was thus required to consider and discuss the applicability of section 4.40 to determine whether the veteran was entitled to an increased rating on the basis of functional impairment due to pain, and provide an adequate statement of the reasons or bases for its findings and conclusions on that issue. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990); 38 U.S.C. § 7104(d)(1) (formerly § 4004). Therefore, remand is required to allow the Board to fulfill those requirements.

The Board is also required to provide reasons or bases for its evaluation of the evidence and for its conclusion that the evidence does not support a higher rating under the applicable schedular criteria. *See Shoemaker v. Derwinski*, 3 Vet.App. 248, 253–54 (1992); *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991); *Wilson v. Derwinski*, 1 Vet.App. 139, 140 (1991). In this case, the Board failed to explain its conclusion that the evidence did not support a finding of a moderately severe injury to muscle group VIII. Therefore, on remand, the Board must explain its evaluation of the applicability of the schedular criteria pertaining to injuries to muscle group VIII. In addressing that issue, the Board should also consider and discuss the applicability of the provisions of 38 C.F.R. §§ 4.47–4.49 (1991) (in rating scars resulting from missile wound, consideration should be given to the entire path of the missile and possibility of bone, nerve, or muscle involvement) as they may relate to the veteran's service-connected disability.

## II. Increased Rating for Frozen Feet

During his World War II combat service, the veteran sustained frozen feet,

for which he currently receives service-connected disability compensation under the schedular rating criteria of 38 C.F.R. § 4.104, DC 7122 (1991). In May 1982, the BVA denied the veteran's claim for an increased rating for his service-connected frozen feet. R. at 46–50. In 1990, the veteran submitted a new claim for an increased rating for his frozen feet. *See Proscelle*, 2 Vet.App. at 631.

In the April 1990 VA C & P examination, the examiner made the following findings with respect to the veteran's feet:

> History of "frozen feet". Currently the patient complains of numbness and coldness of the feet. On examination reflexes and strength are normal including 2/4 ankle reflex. However, he does have decreased pin prick feet to the ankles bilateral. Pulses appear to be relatively intact. As motor strength and reflexes are intact, I do not feel that nerve conduction velocity test should be done at this time.

R. at 61. In his July 1990 VA Form 1–9, the veteran stated that he was currently experiencing, in both feet, persistent swelling, tenderness, redness or bluish tint, severe itching sensations, pain in the ankle joints, burning sensations, numbness, other forms of discomfort, and decreased strength. R. at 70–71. In her July 1990 sworn affidavit, the veteran's wife stated that she had personally observed the same symptoms in the veteran's feet, and that those symptoms had become more frequent and more severe over the past few years. R. at 73.

In its March 1991 decision, the BVA stated, with regard to the frozen feet claim:

> The next higher evaluation, 30 percent by VA criteria, requires persistent moderate swelling, tenderness and redness. As these aforementioned symptoms were not described on the latest VA examination of record, the Board does not see the medical evidence as supporting an increased rating for residuals of frozen feet.

█ Pursuant to the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1), the Board is required to include an analysis of "the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim" and the reasons or bases for rejecting any of the veteran's evidence supporting his claim. *Gilbert*, 1 Vet.App. at 59; *Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991). Here, the Board failed to provide any explanation of its implicit rejection of the affidavit of the veteran's wife, which would appear to support a 30% schedular rating. The Board may not ignore relevant lay evidence, but must consider and discuss it as it would any other evidence. *See Pruitt v. Derwinski*, 2 Vet.App. 83, 85 (1992); *Cartright v. Derwinski*, 2 Vet.App. 24, 25–26 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169–70 (1991). As the Court has previously held, "[a] layperson can certainly provide an eye-witness account of a veteran's visible symptoms." *Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992); *see also Caldwell v. Derwinski*, 1 Vet.App. 466, 469 (1991). Therefore, remand is required to allow the Board to consider all medical and lay evidence of record and issue a decision fully supported by an adequate statement of reasons or bases.

Moreover, in light of the veteran's evidence that he suffers pain and decreased strength due to his frozen feet, the Board on remand must also consider and discuss, in relation to the frozen feet claim, the applicability of 38 C.F.R. § 4.40, as discussed in part I, above.

### III. Conclusion

Upon review of the record, the appellant's brief, and the Secretary's motion for summary affirmance, the Court vacates the March 27, 1991, BVA decision and remands the record to the Board for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable law and regulation, and issuance of a decision fully supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a) (formerly § 4004), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991); *Gilbert*, supra. "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski*, 3 Vet.App. 129, 140–

41 (1992). Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.