ORDER
PER CURIAM:
The appellant appeals pro se an April 16, 2001, Board of Veterans’ Appeals (Board or BVA) decision in which the Board denied him payment of full disability compensation during his period of incarceration. Record at 3, 6. The appellant and the Secretary each filed a brief, and the appellant filed a reply brief. The parties also each filed a supplemental memorandum and a response pursuant to Court orders. For the reasons that follow, the Court will vacate the April 2001 Board decision and remand the matter for proceedings consistent with this order.
In the instant case, the pivotal question is whether the appellant “is incarcerated in a ... State ... penal institution.” 38 U.S.C. § 5313(a)(1). Specifically, the issue to be addressed is the relationship between the State of Oklahoma and the Davis Correctional Facility (DCF) or the Corrections Corporation of America, i.e., whether based on that relationship the DCF is a “State ... penal institution” under 38 U.S.C. § 5313(a)(1). Although the Board concluded that the appellant is “incarcerated at a [SJtate prison” (R. at 5), the Board has not yet addressed the material issue whether DCF is a “State ... penal institution” within the meaning of section 5313 and the issue regarding the relationship between the entities involved. Given that the resolution of those issues may involve very specific factual determinations regarding contracts and other documents that are best for the Board to make in the first instance, the Court concludes that it is premature for the Court to address this matter. See Hensley v. West, 212 F.3d 1255, 1263-64 (Fed.Cir.2000) (court of appeals may remand if it determines that lower tribunal failed to make finding of fact essential to decision); see also 38 U.S.C. § 7104(d)(1); Fallo v. Derwinski, 1 Vet.App. 175, 177 (1991) (“[T]he Board’s finding[s] and conclusions in this case are so vague that it is impossible to review them.”); Sammarco v. Derwinski, 1 Vet.App. 111, 113-14 (1991) (“Whether *338 the BVA’s ultimate conclusions are correct or not, ... the incomplete nature of the decision below does not permit proper review by this Court.”).
On consideration of the foregoing, it is
ORDERED that the April 16, 2001, Board decision is VACATED and the matter is REMANDED for further proceedings consistent with this order.