Robert J. COLLIER, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–839.

United States Court of Veterans Appeals.

Argued June 21, 1991.

Decided Aug. 9, 1991.

Roger Rutherford, Norton, Va., for appellant.

Angela Foehl, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

KRAMER, Associate Judge:

The Board of Veterans' Appeals (BVA), concluding appellant was not unemployable, denied his claim for pension benefits. Because the BVA, in making this determination, failed to consider and evaluate relevant evidence submitted by appellant and its impact on appellant's ability to engage in substantial gainful employment, we vacate and remand the case to the BVA for proceedings consistent with this opinion.

## I.

### Background

Appellant served on active duty from December 1966 to November 1969 and from December 1970 to September 1973. R. at 2, 4. On July 29, 1986, appellant applied for pension benefits. R. at 8, 11. The Veterans' Administration (now Department of Veterans Affairs) (VA), determining that appellant both failed to report for a VA examination and failed to pursue his claim, took no further action because there was insufficient evidence in the file for rating purposes. R. at 8.

On April 30, 1987, appellant, seeking to reopen his past claim, applied again for pension benefits, alleging that he had become totally unemployable in 1986 from a back condition. On his application, he indicated that he had not worked since 1982 (when he had been employed as a welder in a shipyard) and that he had finished high school and two additional years of technical training. R. at 9–11. In support of reopening, he submitted a letter dated April 20, 1987, from his private treating physician, Dr. Robert T. Strang, an orthopedist, which stated:

In my opinion, this man has been unable to work and exactly when he will return to work is [not] known at this time, but apparently he has been unable to work for at least the past year.

R. at 13.

In May 1987, appellant was hospitalized at the direction of Dr. Strang for a lumbar myelogram examination. Although the examination revealed no disc herniation, appellant was diagnosed as having degenerative disc disease. R. at 29–31.

The VA Regional Office (RO) denied appellant's reopened claim on June 4, 1987, and stated:

[Veteran] not shown to be unemployable due to disability.

R. at 14.

On November 24, 1987, appellant was awarded disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 416, 423 (1988 & Supp. I 1989). R. at 16–20. In granting the award, the Administrative Law Judge (A.L.J.) specifically found that appellant was under a disability as defined by the Act. The Act then and now defines disability as follows:

. . . .

(A) Inability to engage in any **substantial gainful activity** by reason of any medically determinable physical or mental impairment which can be expected to result in death or which lasted or can be expected to last for a continuous period of not less than 12 months;

(2) For purposes of paragraph (1)(A)— (A) An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of **substantial gainful work** which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the na-

tional economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

(C) In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

42 U.S.C. § 423(d)(1)(A), (d)(2)(A), (C) (1988) (emphasis added). Based on the appellant's testimony that he had only completed the fourth grade, the A.L.J. also determined that appellant had a marginal education. R. at 18–20.

In August or September 1988, appellant again reopened his claim for pension benefits. R. at 21–24. As evidence supporting his claim, appellant forwarded to the RO a copy of the A.L.J.'s decision. In processing appellant's claim, the RO requested and received from Dr. Strang, copies of appellant's treatment history for his back disorder. R. at 25–33. Contained within these records was a November 17, 1987, observation by Dr. Strang who had noted:

Examination today reveals that [appellant] still walks in a slightly flexed position. Any motions are accompanied by a lot of sighing, grimacing and complaining. There is marked limitation of motion. Straight leg raising is somewhat limited.

R. at 32. On October 19, 1988, the RO again denied appellant's claim. R. at 34.

Appellant filed his Notice of Disagreement on January 26, 1989, and eventually appealed to the BVA on April 21, 1989, alleging, in his Statement of Accredited Representation in Appealed Case, VA Form 1–646, dated June 1, 1989, that in addition to his back disorder, he had antral gastritis,

a hiatal hernia and a duodenal ulcer, all of which collectively rendered him unemployable. R. at 35, 41–6. In support of his appeal to the BVA, appellant submitted the following statement from his new treating physician, Dr. James L. Schmid:

Mr. Robert Collier suffers from the following[:]

1. Lumbar disc disease
2. Antral gastritis
3. Hiatal hernia with reflux
4. Duodenal ulcer

R. at 41–46.

On July 30, 1990, the BVA issued its decision finding in relevant part:

2. He was born in 1948; he completed high school and 2 years of technical courses.

3. He has worked as a welder for several years; he has not been employed since 1982.

4. His disabilities are degenerative disc disease of L5S1, the service-connected bilateral defective hearing, rated as 10 percent disabling, and acne vulgaris, rated as noncompensable.

5. The veteran's disabilities do not permanently preclude gainful employment consistent with his age, education and occupational experience.

and concluding as a matter of law:

The veteran is not permanently and totally disabled within the meaning of the applicable law and regulations pertaining to pension benefits.

*Robert J. Collier*, BVA 90–839, at 4 (July 30, 1990). Appellant subsequently appealed to this Court.

## II.

### Analysis

Under 38 U.S.C. § 521(a) (1988), a pension is to be paid to "each veteran of a period of war [who meets certain income standards not relevant here and] ... who is permanently and totally disabled from a non-service-connected disability...." As the appellant served during a period of war and has non-service-connected disabilities, the only question here is whether such disabilities cause him to be permanently and totally disabled.

Title 38 U.S.C. § 502(a)(1) (1988) defines permanent and total disability for purposes of this case to be "any disability which is sufficient to render it impossible for the average person to follow a **substantially gainful occupation,** but only if it is reasonably certain that such disability will continue throughout the life of the disabled persons." (Emphasis added.)

Title 38 C.F.R. §§ 3.321(b)(2), 3.340(a)(1), (b), 4.17(a) (1990) attempt to provide clarification of what constitutes permanent and total disability. In addition, this Court, in prior decisions, has raised concerns regarding the apparent inconsistencies amongst the various regulations addressing the general subject of total disability based upon unemployability in both pension and compensation cases. *See Ferraro v. Derwinski*, 1 Vet.App. 326, 331–33 (1991); *Hyder v. Derwinski*, 1 Vet.App. 221, 222–24 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 165–67 (1991). Without a discussion of any of these regulations, the statements of Doctors Strang and Schmid, and the A.L.J.'s decision, the BVA concluded that appellant was not permanently and totally disabled for pension purposes. *Collier*, BVA 90––, at 4. In arriving at this determination, the BVA cannot ignore or disregard relevant evidence in the record. *See Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991). If it discredits evidence, the BVA must give adequate reasons or bases for doing so. *See Sammarco v. Derwinski*, 1 Vet.App. 111, 112 (1991); *Gilbert v. Derwinski*, 1 Vet. App. 49, 56–57 (1990) (quoting *International Longshoremen's Assoc. v. National Mediation Board*, 870 F.2d 733, 735 (D.C.Cir.1989)). As a consequence of its failure to consider pertinent regulations and evidence, the case must be remanded to the BVA. If in evaluating the applicable regulations and this evidence, the BVA determines that additional medical evidence is required, it is free to order an examination. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174–75 (1991); *Murphy v. Derwinski*, 1 Vet.App. 78, 82 (1990).

With respect to what bearing the A.L.J.'s decision rendered under the Social Security Act is to have on the VA's determination of total and permanent disability, the Court notes that while there are significant differences in the definition of disability under the Social Security and VA systems (*e.g.*, under Social Security, 42 U.S.C. § 423(d) (1988) and 20 C.F.R. § 404.1509 (1990), the disability need not be reasonably likely to last for the claimant's lifetime as is required for VA purposes under 38 U.S.C. § 502(a)(1) and 38 C.F.R. § 3.340(b)), there are also significant similarities (*e.g.*, both statutes include within their respective definitions, the terms "substantial[ly]" and "gainful" when describing the form of employment in which the claimant is unable to engage). *Compare generally* 38 U.S.C. §§ 521, 502 *[and]* 38 C.F.R. §§ 4.17, 3.321(b)(2), 3.340, 3.342 *with* 42 U.S.C. §§ 416, 423 (1988 & Supp. I 1989) *[and]* 20 C.F.R. §§ 404.1505–1576 (1990). In addition, there are also significant factual discrepancies in the record between the A.L.J.'s and the BVA's findings regarding the appellant's educational level. At a minimum, however, the decision of the A.L.J. in this case is evidence which cannot be ignored and to the extent its conclusions are not accepted, reasons or bases should be given therefor. *See Webster*, 1 Vet. App. at 159; *Sammarco*, 1 Vet.App. at 112; *Gilbert*, 1 Vet.App. at 56–57.

## III.

For the reasons stated above, the decision of the BVA is VACATED and remanded for proceedings consistent with this opinion.

*It is so Ordered.*