Benjamin G. HARTOG, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1505.

United States Court of Veterans Appeals.

Feb. 13, 1992.

Before STEINBERG, Associate Judge.

### ORDER

On January 14, 1992, appellant filed a motion for remand in order for his appeal to be reconsidered by the Board of Veter- ans' Appeals (BVA or Board). The basis for appellant's motion is that evidence to support his claim for total disability compensation based on unemployability was "available to the Board" but was "not submitted" by appellant's representative. Appellant believes that this omission "contributed to the unfavorable decision of the BVA" and moves that his case be remanded in order for the Board to consider this evidence. In addition, appellant submitted five documents, three of which predate and two of which postdate the July 23, 1991, BVA decision on appeal.

On January 31, 1992, the Secretary of Veterans Affairs (Secretary) filed a response in opposition to appellant's motion for remand. The basis of the Secretary's opposition is that, because appellant is purportedly seeking to introduce evidence that has not been considered previously by the Board, the appropriate course of action would be for appellant to request that his claim be reopened to consider new and material evidence. With respect to the three items of evidence sought to be introduced by appellant, the Secretary does not state whether or not those items were in fact before the Board in its July 23, 1991, decision or in the claims file at the time of that decision or had been in any manner proferred to the Department of Veterans Affairs (VA) by appellant prior to that decision. *See Rogozinski v. Derwinski,* 1 Vet. App. 19, 20 (1990) (Court ordered parties to respond as to whether disputed "records had been proferred to the BVA at the time it rendered its decision which lead to [the] appeal").

Review of Board decisions by this Court is statutorily restricted to the record of proceedings before the Secretary and the Board. 38 U.S.C. § 7252(b) (formerly § 4052(b)). *See Rogozinski.* Evidence obtained since the July 23, 1991, decision of the Board may be submitted to a VA regional office in an attempt to reopen appellant's former claim, *see* 38 U.S.C. § 5108 (formerly § 3008), but it may not be made part of the record in the appeal now before this Court. Upon consideration of the foregoing, it is

ORDERED, sua sponte, that appellant's motion is deemed also to be a motion to counter-designate the three pre-BVA decision documents and that appellant and the Secretary, not later than 14 days after the date of this order, inform the Court as to whether any of the following three items which appellant seeks to counter-designate were before the Board, in appellant's VA claims file, or proferred to the Board, prior to the BVA's July 23, 1991, decision: (1) An April 19, 1989 letter from Karen Wickwire, Ph.D.; (2) a June 5, 1990, letter from E. Alexandra Ashleigh, M.D.; and (3) a June 6, 1990, record of adjudication decision of the Social Security Administration (SSA), including an "OHA Psychiatric Review Technique Form". If the SSA adjudication records were not in appellant's claims file or proferred by appellant prior to the July 23, 1991, BVA decision, the Secretary shall also inform the Court whether there was any other evidence in the claims file prior to that decision indicating that the veteran had been awarded Social Security benefits. If so, the Secretary shall further inform the Court as to whether VA made any efforts to obtain a copy of that decision, and whether the Secretary was under a duty to seek to obtain a copy pursuant to his statutory duty to assist the claimant. *See* 38 U.S.C. § 5107(a) (formerly § 3007); 38 C.F.R. § 3.103; *Masors v. Derwinski*, 2 Vet.App. 181, 187–88 (1992); *Collier v. Derwinski*, 1 Vet.App. 413, 416–17 (1991); *Ferraro v. Derwinski*, 1 Vet.App. 326, 332–33 (1991). It is further

ORDERED that appellant's motion for remand to the BVA is held in abeyance pending further order of the Court.