Charles J. CHESNUT, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–728.

United States Court of Veterans Appeals.

July 22, 1992.

Before MANKIN, Associate Judge.

MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant, Charles J. Chesnut, seeks reversal of a March 21, 1991, Board of Veterans' Appeals (BVA or Board) decision that denied him entitlement to a permanent and total disability rating for pension purposes. Appellee, the Secretary of Veterans Affairs

(Secretary), has filed a motion for summary affirmance on the grounds that the BVA's decision was made in accordance with applicable law and was not clearly erroneous. This Court has jurisdiction to hear the appeal pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)).

The Court finds that the Board failed to address in an adequate manner evidence of record that would support appellant's claim. *See Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). The Court also finds that the Board impermissibly relied upon its own medical judgment in implicitly rejecting the opinions of two health professionals concerning appellant's employability. *See Colvin v. Derwinski*, 1 Vet.App. 171 (1991). The decision is also devoid of any indication that the Board took into consideration appellant's existing determination of disability for Social Security purposes. *See Washington v. Derwinski*, 1 Vet.App. 459, 465–66 (1991). Consequently, the BVA decision will be vacated and the case remanded for further adjudication.

As this Court stated in *Collier v. Derwinski*, 1 Vet.App. 413 (1991), the Board, in making a determination concerning whether a claimant is permanently and totally disabled for pension purposes, "cannot ignore or disregard relevant evidence in the record [citation omitted].... If it discredits evidence, the BVA must give adequate reasons or bases for doing so." *Id.* at 416. Here, the record includes statements by a psychologist, R. at 19, and a social worker, R. at 6, 159, both of whom were apparently employees of the Department of Veterans Affairs, to the effect that appellant is unemployable. Although there is also evidence in the record weighing against the veteran's claim, the Board may not rely on its "own unsubstantiated opinion", *Colvin*, 1 Vet.App. at 175, but "must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive." *Gilbert*, 1 Vet.App. at 57. Finally, although the record contains numerous references to a determination by the Social Security Administration that appellant is ·disabled, it appears that neither the Regional Office nor the Board attempted to obtain any documentation of the Social Security proceedings. Such evidence "must be considered by the Board in a manner consistent with the presentation of any evidence offered by a veteran to support his or her contention that the disabilities suffered render the veteran unfit for employment." *Washington*, 1 Vet.App. at 466 (1991).

Upon consideration of the record, appellant's informal brief, and the Secretary's motion, it is the holding of the Court that the BVA has failed to articulate adequate reasons or bases for the decision on appeal. Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is DENIED. The BVA decision appealed from is VACATED, and the case is summarily REMANDED for proceedings consistent with this decision. Upon remand, the Board is instructed to "reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).