Boris B. SAWCHIK, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–336.

United States Court of Veterans Appeals.

Oct. 7, 1992.

ORDER

STEINBERG, Associate Judge:

Appellant, Korean conflict era veteran Boris B. Sawchik, appeals from a December 11, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to a total disability rating based on individual unemployability due to his service-connected disability. *Boris B. Sawchik*, BVA 90– __ (Dec. 11, 1990). On November 14, 1991, appellant filed his brief, seeking reversal of the Board's decision. On December 17, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary remand to the Board for readjudication, confessing that the Board's statement of reasons or bases was deficient. Appellant, seeking reversal and an award of a total disability rating, opposed that motion. In a January 15, 1992, order, the Court denied the Secretary's motion for remand and ordered the Secretary to file a brief or a request that the motion for remand be accepted in lieu of a brief. On February 28, 1992, the Secretary filed a motion for summary affirmance of the Board's decision and for acceptance of that motion in lieu of a brief.

Appellant has a service-connected back disability, identified as "lumbar disc disease with spondylolisthesis, SP laminectomy of L–5 and bilateral foraminotomies of L–5 and S–1", currently rated as 60% disabling. R. at 1. His claim for a total disability rating based on individual unemployability due to that condition was previously and finally denied by the BVA in April 1987. R. at 2. Subsequently, appellant submitted substantial lay and medical evidence to reopen his claim. That evidence was new and material, and the Secretary was, therefore, required to reopen and readjudicate the claim. *See* 38 U.S.C. § 5108 (formerly § 3008); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991); *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991); *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991).

In its December 1990 decision denying the veteran's claim, the Board failed, in

violation of statutory requirements, to explain adequately the reasons or bases for its decision and for its rejection of evidence supporting appellant's claim. *See* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57, 59 (1990). In support of his claim, appellant had submitted several statements (November 1986, November 1988, October 1989, May 1990) from his private treating physician, a spinal specialist, who had treated appellant since 1973. R. at 15, 17, 97, 102. In a statement dated November 4, 1988, the physician detailed the history of appellant's disability and treatment, and stated: "[O]ur medical evaluation and opinion is that he is current [sic] 100% disabled for employment not only of the type in which he had participated earlier but even for light duty." R. at 18. The physician further stated that appellant had participated in numerous rehabilitation programs and had made several attempts to return to employment, but that, in the physician's opinion, any attempts by appellant to return to employment would "seriously jeopardize his functional status particularly relative to ambulation and activities of daily living." R. at 17–18.

Appellant also submitted the July 21, 1989, statement of a cardiologist who had treated the veteran in July 1986 for an acute myocardial infarction, stating that appellant had "done extremely well" with regard to his (non-service-connected) cardiac condition and "should be able to perform any kind of work without having to be concerned about his cardiac condition." R. at 74. In November 1989, the veteran presented sworn testimony at a Department of Veterans Affairs (VA) personal hearing, stating that he believed he was unemployable due solely to his back condition, that the pain from that condition prevented him from sitting or standing for long periods of time and from performing certain motions, and that his only work experience has been in the field of direct sales. R. at 52–54. He also submitted a June 1987 letter from the Social Security Administration (SSA) notifying him that he had been determined to be disabled as of November 1, 1985, and, hence, entitled to receive Social Security Disability Insurance benefits. R. at 79.

In May 1989, appellant underwent a VA examination for disability evaluation. Supp.R. 1–9. X rays taken at that time revealed advanced degenerative arthritis of the lumbosacral spine, minimal spondylolisthesis with marked narrowing of disc space between the L5 and S1 vertebrae, narrowed disc space between the T12 and L1 disc space, and residuals of an old laminectomy with a fusion at the L5 vertebra. Supp.R. at 3. On physical examination, the examiner noted that the veteran was able to ambulate without assistance, had tenderness and soreness over the low back, and had marked limitation of motion of the low back. Supp.R. at 5. The examiner's impression was "postoperative laminectomy and fusion of the lumbosacral spine". Supp.R. at 5. The examiner did not state any conclusions with regard to employability.

■ In its December 1990 decision, the BVA concluded, without explanation: "[T]he functional impairment associated with the back disorder would not, by itself, preclude sedentary forms of work for which the veteran is qualified by reason of education and work experience." *Sawchik*, BVA 90–___, at 6. Such a cursory medical conclusion is error under this Court's precedents. The Board may not "refut[e] the expert medical conclusions in the record with its own unsubstantiated medical conclusions". *Colvin*, 1 Vet.App. at 175. "Although the BVA is not required to accept examining physicians' findings, it is required to state reasons or bases for contrary conclusions and point to medical bases other than its own opinion for the decision." *Simon v. Derwinski*, 2 Vet.App. 621, 623 (1992). Here, the Board failed to provide any explanation for its rejection of the opinion of appellant's treating physician that appellant is totally disabled for employment.

■ Although the November 1988 statement of appellant's treating physician that appellant is "100% disabled for employment not only of the type in which he had partici-

pated earlier but even for light duty" stands unrebutted by any other medical evidence in the record, the Court is unable to reverse the BVA's decision and award a total disability rating at this time. That medical opinion does not clearly indicate whether or not appellant is also disabled as to sedentary employment. That determination, as well as the determination as to whether substantially gainful sedentary employment is feasible in light of appellant's education and training, is a determination of fact which this Court may not make in the first instance. *See* 38 U.S.C. § 7261(c) (formerly § 4061); *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991). The Court notes, however, that the May 1989 VA examination on which the BVA apparently relied in denying a total disability rating is insufficient to rebut the November 1988 medical opinion that the veteran is unemployable. The May 1989 VA examination contains no medical evidence or opinion relating to whether appellant is employable. Therefore, if the BVA on remand rejects the medical evidence that appellant is unemployable, it must do so on the basis of additional medical evidence specifically relating to appellant's employability. To that end, the Board is free to provide for an additional comprehensive examination of appellant, with the full claims folder made available to the examiner. *See Wilson v. Derwinski*, 2 Vet.App. 16, 21 (1991); *Parker v. Derwinski*, 1 Vet.App. 522, 526 (1991); *Moore (Howard) v. Derwinski*, 1 Vet.App. 401, 405 (1991); *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991).

The Board also failed to provide an adequate explanation for its conclusion that the veteran is capable of pursuing certain sedentary forms of work consistent with his education and experience. Appellant testified under oath that his only significant vocational experience has been in the field of direct sales, an occupation which, his treating physician has stated, appellant is no longer capable of pursuing. The Board is required to explain adequately its conclusion that there are jobs which appellant, realistically, is capable of pursuing. *See Moore (Robert) v. Derwinski*, 1 Vet. App. 356, 359 (1991); *Ferraro v. Derwin-*

*ski*, 1 Vet.App. 326, 331–32 (1991); 38 C.F.R. § 4.16(a) (1991).

 Finally, the Board was required to seek to obtain the records of the SSA adjudication of appellant's disability claim. Under 38 U.S.C. § 5107(a) (formerly § 3007), where, as here, the claimant submits a well-grounded claim, the Secretary is obligated to assist him in developing the facts pertinent to the claim. *See Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). That duty includes seeking to obtain records of an SSA adjudication which would be pertinent to the claimant's claim for VA benefits. *See Murincsak v. Derwinski*, 2 Vet.App. 363, 370 (1992); *Masors v. Derwinski*, 2 Vet.App. 181, 187–88 (1992). Although the SSA's decisions with regard to disability and unemployability are not controlling for purposes of VA adjudications, the SSA's decision and records are certainly "pertinent" to claims for VA benefits based on the same disability or disabilities, and, therefore, the Board is required to seek to obtain and, if obtained, consider all pertinent SSA records. *See Murincsak, supra; Masors, supra; Collier v. Derwinski*, 1 Vet.App. 413, 417 (1991).

Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990).

On consideration of the record, appellant's brief, and the Secretary's motions, and in light of the foregoing, it is

ORDERED that the December 11, 1990, BVA decision is vacated and the matter remanded to the Board for prompt fulfillment of the statutory duty to assist, readjudication on the basis of all evidence and material of record and all applicable law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases, all in accordance with this order. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, appellant will be free

to submit additional evidence and argument. *See Quarles v. Derwinski,* 3 Vet. App. 129, 140–41, (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of such new final Board decision is mailed to appellant. It is further

ORDERED that the Secretary's motion for summary affirmance and for acceptance of that motion in lieu of a brief is denied.