IVERS, Judge,
concurring in part and dissenting in part:
I concur in the majority’s conclusion that the veteran’s December 1984 claim is still pending and its decision to remand his case on that basis. However, I must dissent as to the Court’s order directing the Secretary to obtain the veteran’s Social Security Administration (SSA) records. It is an action that is at best superfluous.
*224 The Court has correctly concluded that the RO did not properly notify the veteran of its February 1985 decision denying his claim. Based upon this procedural failure, the Court found that the veteran’s 1984 claim is still open and pending before the RO. See Matter of the Fee Agreement of Cox, 10 Vet.App. 361, 374-75 (1997); see also Tablazon v. Brown, 8 Vet.App. 359, 361 (1995) (failing to procedurally comply with the statutorily mandated requirements prevents a claim from becoming final for pin-poses of an appeal to the Court). Section 3.160(c) of the Code of Federal Regulations (C.F.R.) defines a “pending claim” as “[a]n application, formal or informal, which has not been finally adjudicated.” Since the veteran’s claim is pending, it is subject to further development by the RO. See Price v. Brown, 8 Vet.App. 527 (1995). “Further development” would require that the RO obtain the veteran’s SSA records because evidence contained in the record and the veteran’s appeal have served to put VA on notice of the existence of SSA records and their relevance to the veteran’s claim. See Hayes v. Brown, 9 Vet.App. 67, 73-74 (1996) (“VA is required to obtain evidence from the [SSA]”); see also McCormick v. Gober, 14 Vet.App. 39 (2000); Collier v. Derwinski, 1 Vet.App. 413, 417 (1991). Therefore, ordering the Secretary to perform an act already required by law seems unnecessary.
It is clear that the Secretary did not fully comply with the remand instructions of this Court, and that he should be admonished in that regard. The veteran had access to, if not actual possession of the SSA records in question. The duty to assist is not a one-way street, and the veteran could have submitted the SSA records to the RO. See Hurd v. West, 13 Vet.App. 449, 452 (2000) (veteran cannot passively wait for help from VA).
Additionally, while I agree that the veteran’s SSA records should be obtained, I believe the majority has inflated the importance of these records in establishing the veteran’s entitlement to an earlier effective date. Section 5110(a) of title 38 of the U.S.Code provides that “the effective date of an award based on an original claim ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” The regulation provides that the effective date shall be either the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400(b)(2) (1991). There is no evidence in the record, nor is there an allegation by the veteran, that the SSA disability benefits he was receiving in October 1987 were based on his suffering from PTSD. Therefore, the majority’s insistence that these SSA records might provide the requisite evidence the veteran needs to establish entitlement to an earlier effective date is speculative, at best.