Citation Nr: 1710350 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 09-41 946 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to February 11, 2014.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Jane R. Lee, Associate Counsel






INTRODUCTION

The Veteran served on active duty from September 2000 to March 2001 and from February 2003 to May 2004.

This appeal is before the Board of Veterans' Appeals (Board) from a November 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California, which, in part, denied a TDIU.

In February 2016, the Board remanded the issue for further evidentiary development, specifically for a VA retrospective opinion.


FINDING OF FACT

Resolving all doubt in the Veteran's favor, the Veteran was precluded, by reason of his service-connected disabilities, from obtaining and maintaining any form of gainful employment for the rating period on appeal prior to February 11, 2014.


CONCLUSION OF LAW

From May 16, 2004, to February 11, 2014, the criteria to establish entitlement to TDIU are met. 38 U.S.C.A. §§ 1155, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.321, 3.340, 3.341, 4.16 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

During the pendency of this appeal, in a February 2014 rating decision, the RO granted an increased schedular rating of 100 percent for the service-connected PTSD, from February 11, 2014. 

The remaining question on appeal is whether he is entitled to TDIU prior to February 11, 2014.

The Veteran asserts that he has been unemployable due to his service-connected disabilities since service discharge in May 2004. 

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340 (a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340 (a)(2). 

TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. The service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue will be addressed in both instances. 38 C.F.R. § 4.16 (a), (b).

TDIU benefits are granted only when it is established that the service-connected disabilities are so severe, standing alone, as to prevent the retaining of gainful employment. If there is only one such disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a). 

Unlike the regular disability rating schedule, which is based on the average work-related impairment caused by a disability, "entitlement to a TDIU is based on an individual's particular circumstances." Rice v. Shinseki, 22 Vet. App. 447, 452 (2009). Therefore, in adjudicating a TDIU request, VA must take into account the individual Veteran's education, training, and work history. Hatlestad v. Derwinski, 1 Vet. App. 164 (1991) (level of education is a factor in deciding employability.

In Faust v. West, 13 Vet. App. 342 (2000), the Court defined "substantially gainful employment" as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran's earned annual income. 

In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether a veteran's service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991).

The ultimate issue of whether a TDIU should be awarded is not a medical issue, but rather is a determination for the adjudicator. See Moore v. Nicholson, 21 Vet. App. 211, 218 (2007) (ultimate question of whether a veteran is capable of substantial 
 gainful employment is not a medical one; that determination is for the adjudicator), rev'd on other grounds sub nom, Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). Although VA must give full consideration, per 38 C.F.R. § 4.15, to "the effect of combinations of disability," VA regulations place responsibility for the 
 ultimate TDIU determination on VA, not a medical examiner's opinion. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); 38 C.F.R. § 4.16 (a); see also Smith v. Shinseki, 647 F.3d 1380, 1385-86 (Fed. Cir. 2011) (VA is not required to obtain an industrial survey from a vocational expert before making a TDIU determination but may choose to do so in an appropriate case).

Turning now to the relevant evidence in this case, the Social Security Administration (SSA) deemed the Veteran disabled as of May 15, 2004, on account of his anxiety and mood disorders. However, the Board notes that SSA determinations regarding employability are not considered binding on VA, as SSA subscribes to different statutory and regulatory criteria. See Collier v. Derwinski, 1 Vet. App. 413 (1991).

VA psychiatric assessment notes dated in May 2005 reflect that he was still living with his parents and reported having memory problems in college.

During a June 2005 VA psychiatric examination, the Veteran reported that he was living with his mother and not working. Since returning from service in Iraq, he reported that he attended college, off and on, and had noticed a significant decline in his ability to remember and concentrate. He startled easily and avoided socialization. Evaluation revealed poor concentration, a poor ability to learn, and a poor ability to calculate things. He was assessed with PTSD to a moderate degree.

During a June 2005 VA spine examination, disc degeneration at L5-S1 was noted. The Veteran indicated that he was not working. 

In June 2007, the Veteran underwent a VA compensation examination of the spine. He was diagnosed with disc herniations in the lumbar spine with radiculopathy in the left lower extremity. The examiner noted the following effects that this disability had on his occupational activities: decreased concentration, decreased mobility, problems with lifting and carrying, lack of stamina, weakness or fatigue, decreased strength in the lower extremity, and pain. 

In November 2007, VA received the Veteran's TDIU application. He reported that he became too disabled to work in 2004. He also reported that he had completed two years of college.

In his November 2007 statement, he stated that his disabilities will not allow him to perform in a job.

In a subsequent TDIU application received in January 2008, he specified that he became too disabled to work on May 15, 2004. He again reported having completed two years of college. He stated that he had some military training and some college education.

A March 2008 letter authored by a VA psychiatrist is of record and such psychiatrist indicated that the Veteran had been followed by the VA clinic since September 2005 for PTSD and noted deterioration in the last year despite treatment with psychotherapy and medication. It was the psychiatrist's hope that the Veteran's situation was temporary, as he was highly motivated to pursue aggressive physical therapy so that he can either return to school or the workplace full-time. Axis I diagnosis was PTSD. A GAF score of 35/45 was assigned. See also, January 2009 letter.

Disability examination conducted by the SSA in May 2008 revealed that the Veteran had dealt with severe back pain and depressive symptoms for several years.

An October 2008 VA examiner conducted an examination of the Veteran's spine and stated that the Veteran's herniated discs in the lumbar spine affected his occupation in terms of having limitations with heavy lifting, prolonged standing, climbing stairs, stooping, and crouching.

An October 2008 VA examiner opined that the Veteran was unable to work due to the combined effect of his service-connected disabilities, including his service-connected PTSD. 

VA social worker notes dated in November 2008 indicate that the Veteran participated in group therapy.

A February 2014 VA examiner opined that the Veteran's PTSD symptoms in conjunction with his ongoing medical conditions impact his ability to maintain gainful employment, and therefore, unemployment is likely due to the effects of his mental disorder, and his service-connected disabilities render him unable to secure and maintain substantially gainful physical and/or sedentary employment. 

In an effort to help resolve the claim, the Board requested a retrospective opinion as to whether the Veteran was precluded from working prior to February 11, 2014. In this regard, a March 2016 VA examiner reviewed the claims file and stated that in terms of the back disability, the Veteran is unable to work a physical labor job due to his lumbar spine disability, but is able to work a sedentary job doing "desk work" prior to 2014.

Analysis

The Veteran is currently service connected for: herniated nucleus pulposus of the lumbar spine, right and left leg neurologic impairment, tinnitus, and PTSD, for a combined rating of 70 percent from May 16, 2004, and January 22, 2009; and a combined rating of 100 percent, effective February 11, 2014. Special monthly compensation under 38 U.S.C.A. § 1114 (s) 38 C.F.R. § 3.350 (i), is also in effect from February 12, 2014. 

As the Veteran has been in receipt of a combined 100 percent schedular rating since February 11, 2014, as well as SMC from February 12, 2014, the issue of entitlement to a TDIU from that date forward is moot. However, the question of entitlement to a TDIU for the period prior to February 11, 2014 , remains for appellate consideration. 

As reflected above, the Veteran met the schedular criteria for a TDIU on May 16, 2004, the day after service separation. 38 C.F.R. § 4.16 (a).

After a review of all the evidence, lay and medical, the Board finds that from May 16, 2004, to February 11, 2014, the evidence is at least in equipoise as to whether the Veteran's service-connected disabilities, alone, render him unable to secure (obtain) or follow (maintain) substantially gainful employment. 

The evidence clearly shows that the service-connected lumbar spine disability has affected the Veteran's ability to perform physical-type jobs. The Board acknowledges the 2016 retrospective VA opinion that the Veteran is able to work a sedentary job, but this refers only to his service-connected spine disability and does not account for the impairment caused by his PTSD.

The evidence demonstrates that the Veteran's service-connected PTSD has clearly resulted in difficulty socializing, which appears to have begun shortly after service discharge. Indeed, the evidence shows that, as early as 2005, he reported those memory, concentration, and calculation difficulties he had in school. Moreover, the evidence shows that the Veteran has not had substantially gainful employment since his service separation, and the employment he did report was marginal, at best. In addition, he has avoided socialization and appears to have lived at home with his parents during a large portion of the appeal period. The Board also notes that the 2008 VA examiner affirmatively stated that the Veteran is unable to work due to the combined effect of his service-connected disabilities. In addition, the VA psychiatrist who wrote a letter in support of the Veteran noting that the Veteran's disability had deteriorated despite therapy and medication. The psychiatrist hoped that such deterioration was short-lived; however, as indicated above, the Veteran's PTSD was increased to 100 percent disabling effective February 11, 2014. Lastly, the Board notes that additional evidence weighing in favor of a TDIU includes the fact that the Veteran has been in receipt of a combined disability rating of 70 percent, since the May 16, 2004, the day after service separation, based on multiple service-connected disabilities, to include the lumbar spine disability and PTSD, which have been identified by the Veteran as bearing on the ability to work.

Based on the evidence presented here, the Board finds that the evidence is at least in equipoise on the question of whether the Veteran was unable to obtain or maintain substantially gainful employment of a physical or sedentary nature from May 16, 2004, to February 11, 2014. Therefore, for the reasons and bases discussed, and giving the benefit-of-the-doubt to the Veteran, this claim must be granted. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102. See also Gilbert v. Derwinski, 1 Vet.App. 49 (1990); Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).
ORDER

From May 16, 2004, to February 11, 2014, entitlement to a TDIU is granted, subject to the laws and regulations governing payment of monetary benefits.



____________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs