﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/20/19

DOCKET NO. 181127-2490
DATE: June 20, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is denied.

FINDING OF FACT

The probative evidence of record is against a finding that the Veteran was unable to secure or follow substantially gainful employment as a result of his service-connected disabilities.

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have not been satisfied. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1983 to December 1984 and March 2000 to October 2003.

The Board of Veterans’ Appeals (Board) notes that the rating decision on appeal was issued in August 2018. In April 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the August 2018 AMA rating decision considered the evidence of record as of the date of that decision. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Veteran asserts that he is unable to secure and follow a substantially gainful occupation as a result of his service-connected disabilities. The issue on appeal stems from the Veteran’s November 2015 application for increased compensation based on unemployability. 

The Department of Veterans Affairs (VA) will grant a total rating for compensation purposes based on unemployability when the evidence shows a veteran is precluded from obtaining or maintaining any gainful employment consistent with his education and occupational experience, by reason of his service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is “whether the Veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). In arriving at a conclusion, consideration may be given to the veteran’s level of education, special training, and previous work experience, but not to his age or the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19.

The United States Court of Appeals for Veterans Claims (Court) has held that the term “unable to secure and follow a substantially gainful occupation” in 38 C.F.R. § 4.16 has two components. First, there is an economic component which essentially contemplates an occupation earning more than marginal income (outside of a protected environment) as determined by the U.S. Department of Commerce as the poverty threshold for one person. Second, there is a non-economic component dealing with the individual veteran’s ability to “follow and secure” employment. For the second component, attention must be given to: (a) the veteran’s history, education, skill and training, (b) the veteran’s physical ability (both exertional and non-exertional) to perform the type of activities (e.g., sedentary, light, medium, heavy or very heavy) required by the occupation at issue, with relevant factors such as lifting, bending, sitting, standing, walking, climbing, grasping, typing, reaching, auditory and visual, and (c) whether the Veteran has the mental ability to perform the type of activities required by the occupation at issue, with relevant factors such as memory, concentration, and ability to adapt to change, handle work place stress, get along with coworkers and demonstrate reliability and productivity. Ray v. Wilkie, 31 Vet. App. 58, 73 (2019). As “sedentary” is defined as “[r]equiring or marked by much sitting <a sedentary desk job>” the Board finds that sedentary employment is a job where the worker primarily sits down. WEBSTER’S II NEW COLLEGE DICTIONARY 999 (1999).

If there is only one service-connected disability, it must be rated at least 60 percent disabling to qualify for TDIU benefits; if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

The Veteran does not meet the schedular criteria to qualify for TDIU benefits. The AOJ referred the claim to the Director, Compensation Service to address whether an award for extra-schedular TDIU is warranted. In August 2016 the Director, Compensation Service determined entitlement to a TDIU for any time period is not established.

The Court has held that a decision from the Director of Compensation Service “is in essence the de facto decision of the agency of original jurisdiction and, as such, is not evidence.... It is simply a decision that is adopted by the [agency of original jurisdiction] and reviewed de novo by the Board.” See Wages v. McDonald, 27 Vet. App. 233, 239 (2015). 

Military personnel records reflect the Veteran’s military occupational specialty (MOS) was that of motor transport operator. On his October 2015 application for unemployability the Veteran asserted his back injury pain and anxiety prevent him from working. He reported he tried to obtain employment as a delivery driver for a school district. He reported completing high school and one year of college and that he attained a class A commercial driver’s license. He reported he quit his last full-time job because he cannot stand up for more than five minutes without back pain that has gotten worse. In December 2015 he reported he worked for the school district from October to July 2015, with school service from May 2009 to June 2009 and for Texaco Sunmark from December 2007 to March 2009. In February 2016 the school district reported the Veteran voluntarily resigned and reported the Veteran worked as a delivery driver for 19.5 hours per week. The record reflects the Veteran worked as a cashier for 35 hours per week and voluntarily resigned because he moved. See Request for Employment Information. 

The Veteran presented for VA examination in November 2015 to assess the current severity of his service-connected back disability. The Veteran reported he experiences a constant dull pain he reported as “2/10” with the back pain getting worse and having numbness in his feet. He reported the pain goes from the constant “2/10” when he is sitting to a “8/10” with activity. He reported the pain is “10/10” during flare-ups and the pain lasts 15 minutes. He reported the pain abates with rest. The Veteran reported no functional loss or functional impairment of the thoracolumbar spine. The examiner reported moderate to severe pain, and severe paresthesias and/or dysesthesias and numbness in the lower extremities. The examiner reported the Veteran has intervertebral disc syndrome with incapacitating episodes of bed rest having a total duration of at least 1 week but less than 2 weeks during the last 12 months. The examiner reported the Veteran did not present any documentation to support episodes of prescribed bed rest, but stated the Veteran reported the extreme pain and diagnosed disabilities are consistent with such. When asked to describe the impact the back condition has on the Veteran’s ability to work, the examiner reported the Veteran worked a job that required extensive walking, sitting, and lifting, which he is not able to perform due to back pain. The examiner explained that the Veteran’s imaging studies were not available for review, but that based on history the Veteran has spinal stenosis (foramen narrowing) and degenerative joint disease. He reported this is a naturally progressing disease. He reported the Veteran experienced pain at 40 degrees flexion and 5 degrees of extension, right lateral flexion, left lateral flexion, right rotation, and left rotation. He reported the Veteran worked at a job that required him to drive long distances and load and unload packages. He reported based on the Veteran’s diagnosed disability and its natural progression, the disability will worsen. 

Of note, in the underlying rating decision the AOJ made a favorable finding that the November 2015 examiner noted that the Veteran’s back condition impacts his ability to work, as he worked at a job that required extensive walking, sitting, and lifting, which he is not able to perform due to your back pain. The Board accepts this finding. 

VA treatment records are not in significant conflict with clinical findings during VA examination. In January 2016, the Veteran reported back pain with radiation to the bilateral lower extremities described as sharp pain and tingling sensation in the left lower extremity when sitting. The Veteran reported symptoms were exacerbated by any physical exertion such as walking or doing dishes for more than ten minutes. Notably, in February 2018 the Veteran was overall doing well with back pain now. He reported low back pain with occasional shooting down the calf. Evaluation of the bilateral lower extremities revealed no significant misalignment, asymmetry, crepitation, defect, mass, effusion, dislocation, subluxation, instability, laxity or atrophy, and active and passive range of motion of the bilateral lower extremities is intact. Testing revealed pain down the left leg that is not relieved with looking up and straight leg test is negative. Muscle strength in the lower extremities was normal though somewhat limited by pain.

The Board notes that in May 2012 SSA deemed the Veteran disabled under Social Security regulations and referral for Vocational Rehabilitation for retraining was recommended. The decision reflects that SSA determined the Veteran had not engaged in substantial gainful activity as defined by SSA regulations since June 13, 2009 for degenerative disc disease and joint disease of the lumbar spine, tinnitus, major depressive disorder, anxiety disorder, and borderline personality disorder. The Board acknowledges the decision of SSA to award the Veteran’s disability benefits. SSA determinations are relevant, but not binding, to the Board. See Collier v. Derwinski, 1 Vet. App. 413, 417 (1991) (observing that while SSA decisions are relevant, there are significant differences between SSA and VA recognition of disabilities and SSA decisions are not binding on VA). Moreover, SSA’s determination is based on several disabilities, not merely the Veteran’s service-connected disabilities. Indeed, SSA’s determination is based on the Veteran’s back disability, tinnitus, and nonservice-connected psychiatric disabilities. The decision reflects the Veteran asserted he is unable to work primarily due to his back and anxiety. Thus, SSA’s determination that a number of disabilities renders the Veteran eligible for SSA benefits is not analogous to the Board’s inquiry.

Taken as a whole, the Veteran’s symptoms do not suggest he was unable to obtain and maintain employment due solely to his service-connected disabilities (without consideration of his psychiatric disorders). Given the Veteran’s education and work history, symptoms reported by the Veteran, and the level of functional impairment as reported by the VA examiner and the Veteran’s physicians, the Board does not consider this level of impairment as one that would preclude employment. The Board considered the Veteran’s testimony that he has only trained as a delivery driver and had some training/experience with general airport work and that he can only sit comfortably for 10 to 15 minutes. His wife asserted that “the Veteran will overdo [it] one day and then goes to bed for a day or two” and reported the Veteran takes baths to relieve the pain which she asserts would interfere with employment. See May 2016 Informal Hearing Conference Report. The Veteran asserts his physician told him he cannot work due to his service-connected disability and lay statements reflect that the Veteran cannot sit or stand for a long time. See March 2016 Notice of Disagreement and lay statements. 

The Board acknowledges the Veteran’s physical limitations would make it difficult to work. However, after review of the evidence of record the Board finds that the Veteran’s functional limitations would not preclude employment that did not involve standing or sitting for an extended period of time or involve strenuous physical activities. The Veteran’s primary complaint is that he has increased pain with physical exertion that is relieved with rest. Notably, the Veteran’s physical limitations would not preclude work that alternated sitting and standing, such as a machine operator in a factory, a cashier or clerk, an office position with a stand-up desk, or a telemarketer or other phone-based occupation. The Veteran has one year of college and these types of positions do not require extensive retraining. In fact, the Veteran already has training as a cashier. These positions would also provide income above the poverty threshold. 

The Board has considered the above reports as well as the other facts of this case, including the Veteran’s employment history. Based on all of these facts, the Board concludes that the evidence is against a finding that the Veteran was unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. Thus, a TDIU rating is not warranted.

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Gonzalez, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.