Roy MARTIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1248.

United States Court of Veterans Appeals.

Jan. 26, 1993.

Roy Martin, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, DC, were on the pleadings (Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., were on the brief), for appellee.

Andrew H. Marshall, Washington, DC, filed a brief for Disabled American Veterans as amicus curiae.

Before FARLEY, MANKIN and STEINBERG, Associate Judges.

STEINBERG, J., filed a concurring opinion.

MANKIN, Associate Judge:

On November 16, 1992, the Court issued an opinion in this case which affirmed in part and remanded in part the October 16, 1990, decision of the Board of Veterans'

Appeals (BVA or Board). On November 30, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for reconsideration of the November 16, 1992, opinion. The Secretary contends that there is no authority for the BVA to assign an evaluation for each of appellant's non-service-connected disorders because a total disability rating based on individual unemployability must be founded only on service-connected disabilities. The Court grants the Secretary's motion for reconsideration of the November 16, 1992, opinion in this case, and issues this opinion in its stead.

Appellant, Roy Martin, appeals from an October 16, 1990, BVA decision which denied an increased evaluation for generalized anxiety disorder with depression, currently evaluated as 70% disabling, and denied a total rating based on individual unemployability due to service-connected disabilities. The Court holds that the BVA decision was not clearly erroneous in determining that appellant was not entitled to a rating in excess of 70%. The Court also holds that, as to the claim for individual unemployability, the BVA erred when it failed to fulfill the duty to assist and failed to articulate "reasons or bases," and thus the Court remands this claim.

Appellant served in the U.S. Army from February 6, 1945, to October 28, 1946. On October 29, 1946, appellant was granted service connection for generalized anxiety disorder with depression, rated at 10% disabling. In November 1957, service connection was awarded for thrombophlebitis of the right and left legs, each entitled to a 30% rating. Appellant's combined service-connected disability rating was 60%. Appellant was non-service-connected for fracture of the left clavicle and transurethral resection of the prostate.

On January 15, 1987, appellant filed for a total disability rating based on individual unemployability. Appellant, a former State of Alabama veterans service officer, claimed he was forced into early retirement due to his nervous condition. On September 22, 1987, appellant submitted private physician medical statements which indicated diagnoses of adult onset of diabetes, arthritis, diminished vision, leg trauma, and major depression. A January 1988, Veterans' Administration (now the Department of Veterans Affairs) (VA) Form 21–2545 (Report of Medical Examination for Disability Evaluation) revealed a diagnosis of generalized anxiety disorder with depression, and found appellant's industrial impairment to be severe, secondary to his emotional and physical handicap, and his social impairment to be slight to moderate.

On March 21, 1988, the VA Regional Office (RO) granted appellant an increased service-connected disability rating of 30% for generalized anxiety disorder with depression, effective from September 22, 1987, the date appellant reopened his claim. This rating increased appellant's combined service-connected disability rating to 70%. A rating as to individual unemployability was deferred pending receipt of VA Form 21–8940 (Veteran's Application for Increased Compensation Based on Unemployability). Appellant filed this application on April 6, 1988, and claimed that he was forced to retire in December 1987 due to his service-connected disabilities. On April 4, 1988, appellant filed a Notice of Disagreement as to the 30% rating for his neurosis.

A confirmed rating decision issued on April 28, 1988, found that appellant's service-connected disabilities did not "prevent some form of gainful employment." On May 18, 1988, appellant filed a Substantive Appeal (Form 1–9). Appellant submitted evidence from the Social Security Administration (SSA) in support of his claim. A February 1988 psychological evaluation revealed that

[claimant's] depression was not only continuing but was markedly interfering with his intellectual functioning[;] ... he had daily crying spells, decreased energy, no interest in any of his former pleasurable activities, suicidal ideation, and feelings of hopelessness and helplessness. Dr. Nolan diagnosed major depression and reported that claimant's prognosis for improvement is guarded. He stated that claimant's depression is imposing a significant impairment on his

intellectual functioning. ... Improvement in his condition is not expected in the near future even with treatment.

Based on this evidence, on June 22, 1988, the SSA administrative law judge awarded entitlement to disability benefits commencing January 1, 1988.

On December 27, 1988, the BVA denied appellant's claims. The BVA acknowledged the characterization of appellant's industrial impairment as "severe," but found the characterization in the nature of a personal opinion, not supported by the entire evidence of record. The Board also concluded that "it [had] not been established that [veteran's] service-connected disorders prevent his successful participation in a substantially gainful occupation involving minimal physical exertion and social interaction."

Appellant attempted to reopen his case again and submitted a February 28, 1989, VA consultation report which indicated diagnoses of dysthymic disorder and anxiety, osteoarthritis of both knees, and residual thrombophlebitis of both legs. In March 1989, the veteran was hospitalized for leg pain, and, upon discharge, he was ordered to bed rest. On May 1, 1989, and August 23, 1989, the VARO determined that no change in rating was warranted. Appellant filed a Substantive Appeal (Form 1–9) to the Board on September 8, 1989. On November 17, 1989, the VARO increased appellant's disability rating for his service-connected nervous condition to 70%, effective from July 1, 1988, thereby increasing his combined disability rating to 90% from July 1, 1988.

On January 1, 1990, appellant filed for increased compensation based on unemployability, and asserted entitlement to a 100% schedular disability rating for his nervous condition. On January 22, 1990, the VARO denied appellant's claims. The Board upheld the VARO decision. *Roy Martin*, BVA ____ (Oct. 16, 1990). Appellant made a timely appeal to this Court. The Court has jurisdiction pursuant to 38 U.S.C. § 7252 (formerly § 4052).

## I. INCREASED EVALUATION FOR GENERALIZED ANXIETY DISORDER WITH DEPRESSION

Appellant contends that the Board was clearly erroneous in not assigning a 100% rating for generalized anxiety disorder with depression, currently assigned a 70% rating. A determination as to the level of a disability is a finding of fact, which the Court reviews on a "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4) (formerly § 4061); *see also Lovelace v. Derwinski*, 1 Vet.App. 73, 74 (1990); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). Under this standard, "if there is a 'plausible basis' in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 53.

As to the issue of increased evaluation for anxiety disorder, the Court holds that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007). *See Gilbert*, 1 Vet.App. at 53–56. The Court affirms that portion of the BVA's decision which found the 70% rating appropriate for anxiety disorder.

## II. TOTAL RATING BASED ON UNEMPLOYABILITY

The VA has a duty to assist the veteran in "developing the facts pertinent to the claim." 38 U.S.C. § 5107(a) (formerly § 3007); *Godwin v. Derwinski*, 1 Vet. App. 419, 425 (1991); *Murphy v. Derwinski*, 1 Vet.App. 78, 80–81 (1990). The medical examination conducted on February 28, 1989, did not have the benefit of the veteran's past medical records. Although the veteran indicated that he had been seeking private medical treatment on a monthly outpatient basis, none of these medical records was obtained by the VA. The duty to assist includes conducting "a thorough and contemporaneous medical examination, one

which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one." *Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990).

The Court finds the record before the BVA inadequate on the unemployability issue and remands the case, pursuant to 38 U.S.C. § 7261(a)(3)(D) (formerly § 4061), for a new medical examination, including a review of all past medical records, in compliance with the duty to assist. In addition, the medical examination shall be conducted so as to assist the VARO and the BVA to address the applicability of functional impairment pursuant to 38 C.F.R. § 4.10 (1991).

Upon completion of a new medical examination performed in accordance with this opinion, the Board shall address appellant's unemployability claim, considering all relevant law and regulations, including 38 C.F.R. § 4.16 (1991). The Board will provide an adequate statement of "the reasons or bases for [its] findings and conclusions on all material issues of fact and law presented on the record" in its determinations for a total disability rating based on individual unemployability. 38 U.S.C. § 7104(d)(1). *See Gilbert,* 1 Vet.App. at 56–57.

> In assessing appellant's unemployability, the Board may be unable to determine whether appellant's unemployability is caused by his non-service-connected disabilities or by his service-connected disabilities. If that is the case, then the evidence may be so evenly balanced that the "benefit of the doubt" doctrine found in 38 U.S.C. § 5107(b) ... may apply. *See Gilbert,* 1 Vet.App. at 53–56.

*Fluharty v. Derwinski,* 2 Vet.App. 409, 413 (1992).

▉▉ The Board also erred when it failed to provide "reasons or bases" for its conclusion that appellant's SSA records were not relevant to his claim before the BVA. 38 U.S.C. § 7104(d)(1). *See Gilbert,* 1 Vet.App. at 56–57. In its decision, the BVA noted that it reviewed the SSA administrative law judge's award determination, but rejected it, stating that the SSA and VA are "each subject to its own law and regulations." *Martin,* BVA \_\_\_\_, at 5. This Court has held that although the SSA's decisions with regard to unemployability are not controlling for purposes of VA adjudications, the SSA's decision is "pertinent" to a determination of appellant's ability to engage in substantially gainful employment. *Murincsak v. Derwinski,* 2 Vet.App. 363, 370 (1992); *see Collier v. Derwinski,* 1 Vet.App. 413, 417 (1991). The decision of the SSA administrative law judge "cannot be ignored and to the extent its conclusions are not accepted, reasons or bases should be given therefor." *Collier,* 1 Vet.App. at 417; *see Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991); *Sammarco v. Derwinski,* 1 Vet.App. 111, 112 (1991); *Gilbert,* 1 Vet.App. at 56–57. In addition, the Board breached its duty to assist appellant when it did not obtain appellant's SSA records, but based its conclusions only on the SSA final decision. *See Murincsak,* 2 Vet.App. at 370; 38 U.S.C. § 5107(a) (formerly § 3007). The Board also failed to obtain monthly private treatment records which appellant referred to in a VA Form 21–8940 filed on April 4, 1988. This also violated the VA's duty to assist. *See Ivey v. Derwinski,* 2 Vet.App. 320, 322–23 (1992). On remand, the BVA shall obtain appellant's SSA records and seek to obtain the private treatment records, consider these records and the SSA's decision, and provide a statement of reasons or bases for its conclusions.

In view of the foregoing discussion and after consideration of the briefs and the record, we AFFIRM the BVA decision that a 70% rating was appropriate for anxiety disorder and, as to the claim for total rating based on unemployability, REMAND the case to the BVA for further development and readjudication of all relevant evidence under applicable law and regulations in a manner consistent with this opinion. A final decision by the Board following the remand herein ordered will constitute a new decision which, if appropriate, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court

not later than 120 days after the date on which notice of the new BVA decision is mailed to appellant.

AFFIRMED in part and REMANDED in part.

STEINBERG, Associate Judge, concurring:

I concur in the opinion of the Court. I write separately, however, to consider a woolly segment of the "confusing tapestry" of conflicting VA regulatory provisions relating to individual unemployability (IU) and total disability for purposes of disability compensation. *See Hatlestad v. Derwinski,* 1 Vet.App. 164, 167 (1991); *Hatlestad v. Derwinski,* 3 Vet.App. 213, 214 (1992); *cf. Talley v. Derwinski,* 2 Vet. App. 282, 287 (1992).

Pursuant to 38 C.F.R. § 4.16(c) (1991), a veteran whose *"only* compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes [the] veteran from securing or following a substantially gainful occupation", is to be assigned a special IU "100 percent schedular evaluation under the appropriate diagnostic code" rather than a non-schedular total disability rating pursuant to 38 C.F.R. § 4.16(a), (b) (1991) (emphasis added). The applicable provision of the VA Adjudication Procedure Manual, Manual M21–1 (Manual), states: "If the veteran claims to be unable to obtain or retain employment because of a service-connected psychiatric disability and employment is actually precluded for this reason, assign [an IU] 100 percent schedular evaluation (38 C.F.R. § 4.16(c))". Manual, Part VI, para. 7.55. The Manual thus appears to construe the word "only" in 38 C.F.R. § 4.16(c) as not precluding award of such an IU rating to those veterans, such as appellant, who suffer from service-connected disabilities **in addition to** mental disability rated 70%.

The application of 38 C.F.R. § 4.16(c) as a sword against claimants suffering from such a combination of disabilities, rather than as a protective shield granting IU schedular total disability benefits to those with mental disability rated 70%, would raise a serious question as to whether such action is "arbitrary and capricious" under 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061). When exercising its discretion in a given manner, VA is required to articulate a satisfactory explanation for its action. *See Smith (Barbara) v. Derwinski,* 1 Vet.App. 267, 279 (1991); *accord Int'l Ladies Garment Workers' Union v. Donovan,* 722 F.2d 795 (D.C.Cir.1983), *cert. denied,* 469 U.S. 820, 105 S.Ct. 93, 83 L.Ed.2d 39 (1984); *Nat'l Nutritional Foods v. Weinberger,* 512 F.2d 688 (2d Cir.1975), *cert. denied,* 423 U.S. 827, 96 S.Ct. 44, 46 L.Ed.2d 44 (1975). Additionally, because the "arbitrary and capricious" standard has particular application to the process by which a regulation is adopted, an agency's interpretation of the regulation must be upheld, if at all, on the basis articulated by the agency. *See United States v. Garner,* 767 F.2d 104 (5th Cir.1985). Because VA has never explained—either in the supplementary information accompanying the proposed and final publications of the regulation (53 Fed. Reg. 18099 (1988) (proposed); 54 Fed.Reg. 4281 (1989) (final)) or in its supplemental memorandum filed in this case—the basis for including the word "only" in 38 C.F.R. § 4.16(c), I harbor grave doubts as to whether a restrictive construction of the regulation, assigning a 100% schedular unemployability rating **only** to veterans suffering solely from a 70% mental disability, would survive the "arbitrary and capricious" standard of review.