George A. GARY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1483.

United States Court of Veterans Appeals.

Dec. 14, 1994.

Charles W. Schiesser, was on the pleadings, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Caro-

lyn Washington, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

NEBEKER, Chief Judge:

The appellant, George A. Gary, appeals an August 31, 1992, Board of Veterans' Appeals (Board) decision denying entitlement to a total disability rating for compensation based on individual unemployability (TDIU). For the following reasons, the decision of the Board is affirmed.

## I. FACTS

The appellant served on active duty with the U.S. Air Force from 1951 to 1966. Record (R.) at 4. During his service, he sustained a head injury and a fractured pelvis in an automobile accident. As a result of the accident, he has a disfiguring facial scar and suffers from anxiety reaction with depression. He was awarded service connection and compensable ratings for the facial scar, anxiety, and fracture of the left pelvis with traumatic arthritis, all conditions which were determined by VA to have resulted from the in-service accident. He also received service connection without a compensable rating for a hemorrhoidectomy, fistulectomy, and cardiomegaly (enlarged heart) with angina. R. at 118. The record reflects that he has a history of medical treatment for symptoms of anxiety, depression, headaches, insomnia, and chest pain.

In March 1990, the appellant filed a claim for increased compensation based on unemployability. R. at 87–88. The following month, a VA regional office (RO) denied his claim for increased compensation. R. at 92. VA also informed him of his potential entitlement to a TDIU rating and requested additional information to support a TDIU claim. R. at 94–95. The Travis County, Texas, Personnel Department responded to VA's request for information by stating that the appellant was discharged from his employment in June 1987, "for reasons unrelated to any type of disability." Supplemental Record at 1. In June and July 1990, VA provided him with a comprehensive medical examination and a psychiatric consultation. R. at 98–112. The medical report lists very minor degenerative joint disease in both hips. During the examination, the appellant reported that he did not have any problem as a result of the pelvic fracture, "except for some aching in the legs when he walks." R. at 110. In their July 1990 consultation report, the VA psychiatric examiners concluded that his anxiety disorder "results in mild impairment of his vocational ability and mild impairment of social relationships." R. at 112.

In its September 1990 rating decision, VA determined that the appellant had not met the requirements for a total schedular rating and that he was not shown to be unemployable due to his service-connected disabilities. R. at 117–18. He submitted a Notice of Disagreement and subsequently appeared before the RO at a personal hearing. R. at 124, 136–46. He testified that he was fired in 1987 from his last full-time employment as a precinct manager and bookkeeper with Travis County because he was hospitalized due to his service-connected anxiety disorder. R. at 138. Since then he had had part-time employment, with limited success, as an insurance salesman. He stated that he had difficulty working with people because he suffered from severe headaches and anxiety. R. at 138–39.

In December 1990, the RO determined that, although the appellant satisfied the schedular criteria for consideration of individual unemployability pursuant to 38 C.F.R. § 4.16, his service-connected disabilities were not so disabling as to render him permanently unemployable. R. at 154. On appeal, the Board determined that in light of his education, work experience, and combined disability rating, there was no convincing evidence that the appellant's failure to obtain employment was the result of a service-connected disability or disabilities. R. at 5, 9. A timely appeal to this Court followed.

## II. ANALYSIS

The Court reviews the Board's findings of fact under the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). If the Board's factual determinations

have a plausible basis in the record, the Court cannot overturn them. *Id.* The Board must also "account for the evidence which it finds to be persuasive or unpersuasive," and provide adequate reasons or bases for rejecting evidence submitted by or on behalf of the claimant. *Id.* at 57; 38 U.S.C. § 7104(d)(1); *see Douglas v. Derwinski,* 2 Vet.App. 435 (1992) (en banc).

Total disability exists "when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. §§ 3.340(a)(1), 4.15 (1993). Where the schedular disability rating is less than 100%, a TDIU rating may be assigned if a veteran is rendered unemployable as a result of service-connected disabilities, provided that certain regulatory requirements are met. *See, e.g., Holland v. Brown,* 6 Vet.App. 443, 446–47 (1994). Pursuant to 38 C.F.R. § 4.16:

(a) Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: *Provided* That, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more....

Additionally, multiple disabilities resulting from a common etiology or a single accident are considered one disability. *Id.*

The Board's determination that the appellant was not entitled to a TDIU rating has a plausible basis in the record. As the Board found, R. at 5, the appellant has three compensable service-connected disabilities, resulting from a single accident—disfiguring facial scar, rated at 30% disabling; anxiety reaction with depression, rated at 30% disabling; and fracture of the left pelvis with traumatic arthritis, rated at 10% disabling. The combined value for these three disabilities results in a rating of 60% disabling. *See* 38 C.F.R. § 4.25 (using the combined ratings

table, the combined value for the first two disabilities—each rated at 30%—is 51% and this value is combined with that for the third disability—rated at 10%—to reach 56% which is then rounded to 60%). The appellant therefore satisfies the regulatory schedular criteria for consideration of a TDIU rating. *See* 38 C.F.R. §§ 3.340, 4.16. However, the record shows that he has computer experience, a two-year college degree, and occupational experience in accounting and business administration. Additionally, the VA psychiatric examiners concluded that he has only "mild impairment of his vocational ability" due to his anxiety disorder. Though he testified that he has had difficulty working on a full-time basis since 1987 because of his service-connected anxiety disorder, the Board found that there was no convincing evidence that he is unable to secure a substantially gainful occupation due to his service-connected disabilities. The Court holds that the Board did not err in denying the appellant a TDIU rating. *See Gilbert, supra.*

In his brief, counsel for the appellant asserts that the Secretary breached his duty to assist by not providing the appellant with a job market or employability survey, and that the Secretary has a duty to use experts to address the issue of unemployability. Appellant's brief at 7. By this argument, the appellant seeks to place on the Secretary the same duty that the Department of Health and Human Services bears as to an applicant for Social Security disability benefits. That is, where an applicant for Social Security disability benefits is unable to perform jobs previously held, the burden is on the Social Security Administration (SSA) to establish that other jobs exist which the applicant could perform. 42 U.S.C. § 1382c(a)(3); *see also Williams v. Shalala,* 997 F.2d 1494, 1497 (D.C.Cir.1993). That duty is placed specifically upon the SSA by statute. 42 U.S.C. § 1382c(a)(3)(A)–(B).

There is no statute or regulation which requires the Secretary of Veterans Affairs to conduct a job market or employability survey to determine whether a claimant is unemployable as a result of one or more service-connected disabilities, or to use

experts to resolve the issue of unemployability. *See Beaty v. Brown*, 6 Vet.App. 532, 538 (1994) (there is no statutory or regulatory authority for the determinative application of SSA regulations to the adjudication of VA claims, and VA has not adopted certain SSA regulations that would be beneficial to a claimant). Although the Secretary has the duty to assist the claimant in developing the facts pertinent to his claim, 38 U.S.C. .§ 5107(a), on the facts presented here— where the medical evidence addresses industrial impairment and does not suggest that the impairment is total (only "mild impairment" of vocational ability from the anxiety reaction and no significant functional impairment of the hip)—the statute does not require the Secretary to demonstrate that there are specific employment opportunities available to the appellant in order to support denial of a TDIU claim. Therefore, the Secretary's failure to generate such evidence does not constitute a breach of his statutory duty to assist in this case.

■ Additionally, we note that the Board denied the veteran's request to remand his case for further development of a claim for an increased rating, on the grounds that the RO had decided in June 1991 that no increased rating was warranted and that the veteran had not appealed. R. at 6, 171. In his brief, the appellant asserts that VA failed to give him notice concerning "ratings that were possible in his case" under Diagnostic Codes (DC) 7800 and 9400. Appellant's brief at 8. The Court interprets this as an assertion that VA failed in its duty to assist the veteran in developing the record pursuant to 38 U.S.C. § 5107(a). A 50% disability rating is allowed for "[c]omplete or exceptionally repugnant deformity of one side of face or marked or repugnant bilateral disfigurement." 38 C.F.R. § 4.118, DC 7800. Ratings up to 100% are allowed for generalized anxiety disorder. 38 C.F.R. § 4.132, DC 9400. The 1990 VA medical examination report addressed both the degree of the veteran's disfigurement and the extent of his anxiety disorder. R. at 108, 110–12. Therefore, VA did not fail in any duty to assist. *See Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (duty to assist may include contemporaneous and comprehensive VA medical ex-

amination). The Court notes that when a TDIU claim is presented, a VA examining physician should generally address the extent of functional and industrial impairment from the veteran's service-connected disabilities. *See Martin (Roy) v. Brown*, 4 Vet.App. 136, 140 (1993). The VA examination in this case properly addressed the issue of functional impairment.

The appellant additionally contends that there was unreasonable delay in the adjudication of his claim. On this record the Court concludes that this issue does not merit discussion. Counsel for the appellant submitted additional documents as exhibits to the appellant's reply brief that were not before the Board in its decision on appeal. These additional documents cannot be considered part of the record before the Court, 38 U.S.C. § 7252(b); *Rogozinski v. Derwinski*, 1 Vet. App. 19, 20 (1990), and are, therefore, ordered to be stricken and returned to the appellant.

The August 31, 1992, decision of the Board is AFFIRMED.