Citation Nr: 1806323 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 12-25 102 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a back disability, to include degenerative joint disease. 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Taylor, Counsel



INTRODUCTION

The Veteran served on active duty from January 1971 to November 1972. 

This matter is before the Board of Veterans' Appeals (Board) from a May 2012 rating decision of the Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran appeared at a hearing before the undersigned Veterans Law Judge in June 2014. 

In November 2014, the Board granted an earlier effective date for the award of additional pension benefits on account of the Veteran's dependent daughter. At that time, and again in May 2017, the Board remanded the back claim for additional development.


FINDING OF FACT

The Veteran's back disability is not related service.


CONCLUSION OF LAW

The criteria for service connection for a back disability have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

The Board notes that the Veteran's complete service treatment records (STRs) may be unavailable as he has identified locations where he recalls being treated for back problems. The RO has made numerous attempts to obtain STRs documenting a back injury in Germany to no avail. In this regard, VA submitted requests to the National Personnel Records Center (NPRC) for the treatment records, including records at the Baumholder Army Health Clinic in Germany, which is the facility that the Veteran has repeatedly recalled receiving treatment. The NPRC responded that it was unable to locate any STRs pertaining to a back injury or back treatment after extensive and exhaustive searches. In July 2011, the RO submitted another request for the Veteran's complete STRs, and the NPRC responded later that same month that all available records were mailed.

Pursuant to the Board's May 2017 remand, in a June 2017 response, the NPRC stated that it was unable to locate clinical records pertaining to a back injury from Baumholder Army Health Clinic for the period from January 1972 to July 1972. In correspondence dated in June 2016, and June 2017, the Veteran was notified by the RO of VA's inability to obtain the records and the efforts made in this regard. Based on the foregoing, the Board concludes that further efforts to obtain his STRs would be futile. See 38 C.F.R. § 3.159(c)(2). Additionally, there has been substantial compliance with the Board's remands in this regard.

I. Laws and Regulations

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Certain chronic diseases, including arthritis, may be presumed to have been incurred during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Additionally, service connection can be established by sufficient evidence of a continuity of symptomatology between current disability and military service. 38 C.F.R. § 3.303; Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic 38 C.F.R. § 3.309(a), such as arthritis). 

II. Analysis

The Veteran seeks service connection for a back disability. He maintains that his currently diagnosed degenerative joint disease of the lumbar spine is a result of a back injury sustained when carrying a desk up a flight of stairs while stationed in Germany. He testified to having received immediate treatment for the injury at Baumholder Army Health Clinic. 

STRs are negative for a back injury, but as mentioned, they may be incomplete. Nevertheless, the October 1972 separation examination report shows that the spine and musculoskeletal system were normal, which weighs against the theories of onset during service and a continuity of symptomatology even if the injury is considered to have occurred. 

An April 2012 back examination report reflects degenerative joint disease of the lumbar spine was diagnosed in 2012, and a history of a back contusion was as a result of falling backwards while lifting a desk up stairs in 1999, not during service. The examiner did not offer a medical opinion.

An August 2016 VA examination was conducted and a medical opinion was obtained that did not find a relationship between the current problems and service. However, as indicated in the May 2017 remand, the Board found the opinion inadequate.

Pursuant to the Board's May 2017 remand, another VA back examination was conducted in August 2017. The examiner found that it is less than likely that the Veteran's current arthritis of the lumbar spine is related to service, noting not only the absence of a back injury in the STRs but also the normal separation examination report. In a November 2017 opinion, the August 2017 VA examiner reiterated his opinion, adding that that statements in support of the claim from the Veteran's family members and friends provided no specific time frame of the asserted back injury, other than when the Veteran returned from service. In addition, it was noted that the initial record reflecting a back disability was many years after separation. 

In addition, and although not bound by a determination of the Social Security Administration (SSA), see Collier v. Derwinski, 1 Vet. App. 413, 417 (1991); see also Martin v. Brown, 4 Vet. App. 136, 140 (1993), the Board notes that an April 2012 SSA determination and associated records do not reflect a nexus between a back disability and service. An associated July 2011 record reflects lumbar spine flexion was normal.

The Veteran is competent to report his symptoms. However, he is not shown to have medical expertise regarding the cause of his lumbar spine disability, and thus, his opinion is not competent in that respect. Given the many years since the injury during service, and the diagnosis of arthritis, this is a complex medical question. The evidence does not establish a back disability during service or until many years after separation. 

In reaching a determination, the Board has afforded the most probative value to the August 2017 and November 2017 VA opinions. The examiner reviewed the Veteran's record and provided a rationale based upon objective findings, reliable principles, and sound reasoning. The Board finds the opinion to be more probative than the Veteran's lay assertions. The opinion is persuasive as it considered the recollection of the injury from the Veteran and family and friends, but explained the lack of a connection to service (at least to 50 percent or greater) because of the normal separation examination, many years before documented treatment, nonspecific lay testimonials and the absence of earlier treatment.

In consideration of this evidence, the Board finds that the Veteran's back disability is not related service. As such, the preponderance of the evidence is against the claim of service connection and there is no doubt to be resolved. See 38 U.S.C. § 510 (b); 38 38 C.F.R. § 3.102. Therefore, service connection for a back disability is not warranted. 


ORDER

Service connection for a back disability is denied.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs